THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERTO CAMPOS, Defendant-Appellant.

Second District   No. 77-203

Opinion filed May 11, 1978.

Ralph Ruebner, Allen L. Wiederer, and Mark Schuster, all of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of this court:

In a jury trial the defendant herein was found guilty of deviate sexual assault and also of indecent liberties with a child. Following a psychiatric evaluation of the defendant by the Department of Corrections he was sentenced only for the offense of deviate sexual assault to a term of 4-12 years in the State penitentiary.

■■ The first issue raised by the defendant is that the trial judge erred in conducting the entire *voir dire* examination without allowing defense counsel to directly question the prospective jurors. It is interesting to note that the examination of the venire comprises 170 pages of the record herein and that questions were submitted by both defense counsel and the prosecution which were asked by the court of the prospective jurors. The defendant argues that under section 115—4(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f)) relating to the *voir dire* examination opposing counsel has the right to conduct his own *voir dire* examination of each prospective juror. This act of the legislature was superceded by Supreme Court Rule 234 (58 Ill. 2d R.234), which is made applicable to criminal trials by Rule 431 (58 Ill. 2d R.431.) This question was squarely presented to, and passed upon, by the supreme court in *People v. Jackson* (1977), 69 Ill. 2d 252, 260, 371 N.E.2d 602, 606, where the supreme court expressly held that the statute giving opposing counsel the right to conduct his own *voir dire* examination of each prospective juror "is a legislative infringement upon the powers of the judiciary." The argument of the defendant in this regard is, therefore, without merit.

The evidence elicited herein discloses that the defendant took the complaining witness, a 13-year-old Mexican boy, to the apartment of the defendant on November 10, 1975. There defendant showed the boy a magazine with pictures of naked women. The defendant then forced the boy to take off his clothing and the defendant then put his penis in the boy's anus and subsequently put his mouth on the boy's penis. The defendant told the boy that if anything were said about the incident the defendant would beat him up. Similar incidents had occurred between

the defendant and the boy prior to this date. Shortly after November 10 the boy went to Mexico with his family and returned sometime prior to April 28, 1976. On April 28, 1976, various witnesses testified that the defendant came to the residence of the boy and demanded that he be allowed to see the boy. Permission was refused and an altercation took place between members of the family and the defendant. The next day the boy was taken to the sheriff's office and to the State's Attorney's office where he related that the incident described above had occurred. The defendant was arrested on May 7, 1976. When the defendant was arrested he stated that the boy had been at his home only once or twice. On the other hand, when the defendant testified at trial he stated that the boy had spent the night at his apartment for a period of several months. This was denied by the mother of the boy. At trial defendant denied committing the acts in question. It appears that the defendant, at various times, had taken the boy to the movies, had paid for his haircut, and had given him $10 for helping paint the defendant's parent's home. It is to be observed that there was some difficulty in eliciting testimony from all of the witnesses, both State and defense, because of language difficulties.

■■■ The defendant's second contention is that a considerable portion of the State's evidence pertained to the incident of April 28, 1976, during which the defendant threatened the brother and sister of the complaining witness with a knife when the boy refused to see him. The defendant observes that this was 5½ months after the alleged offense and claims this testimony was irrelevant and prejudicial. It is to be observed that no objection was made as to this evidence. It is also to be noted that this issue is not raised in the post-trial motion. The record further discloses that defense counsel participated in the examination of the various witnesses relative to the incident occurring on April 28 in some detail. In view of the fact that no objection was made to the introduction of this evidence; that the defense counsel participated in the elicitation of the evidence; and defendant's further failure to raise this issue in a post-trial motion, we find that the issue has been waived. Not only was this issue waived, but the evidence introduced was proper as part of the *res gestae* leading to and resulting in the disclosure of the defendant's acts.

■■ ■ The last contention of the defendant is that the evidence presented at the trial failed to prove the defendant guilty beyond a reasonable doubt. In support of this contention counsel urges inconsistencies in the testimony of the 13-year-old witness; that the record does not disclose that the alleged acts caused the boy any pain; that the testimony of the complaining witness was uncorroborated; and that the 5½ month delay in making the complaint is a factor that may be taken into account in determining the credibility of the boy's testimony. We do not feel it necessary to comment on whether or not the insertion of a penis in

one's rectum may or may not cause pain. The alleged inconsistency of the boy's testimony relates primarily to the delay in the making of the complaint. We considered a similar contention in *People v. Padfield* (1974), 16 Ill. App. 3d 1011, 307 N.E.2d 183, where the complaining witness failed to make a complaint for a period of approximately four months after the incident. We observed that this was a type of offense which is embarrassing to the victim and further observed that the complaining witness therein testified that the defendant had threatened him. In support of our decision that the delay of some four months was explainable, we cited *Honselman v. People* (1897), 168 Ill. 172, 48 N.E. 304. In *Honselman* defendant contended that the testimony of the complaining witness, a 16-year-old boy, was not corroborated and that the lapse of time, over a year after the act, was a strong circumstance against the truth of the statement. The court therein observed:

> "The offense should be clearly proved, but it is one committed in secrecy and ordinarily not capable of being otherwise proved than by the testimony of a participant, * * *. If the jury were justified in believing Lloyd Kesler's testimony it is not a valid legal objection to their verdict that he was not corroborated.
> * * *
> The jury and the trial judge believed Kesler, and, with much better means of judging of the credibility of the witnesses than we have, were convinced of the defendant's guilt. We cannot say they were wrong in their conclusion." (*Honselman v. People* (1897), 168 Ill. 172, 176-77, 48 N.E. 304, 305-06.)

We have the same situation before us in the instant case. What transpired on April 28 may be relative to the reason for the disclosure of the offense by the complaining witness, and the attitude towards the members of the complaining witness' family.

However, the basic question presented for determination by the jury was whether or not the defendant did commit the deviate sexual acts on November 10. The jury obviously believed the complaining witness and did not believe the defendant.

As observed by the appellate court in *People v. Bolyard* (1974), 23 Ill. App. 3d 497, 500, 319 N.E.2d 265, 267, *rev'd on other grounds* (1975), 61 Ill. 2d 583, 338 N.E.2d 168:

> "The charge of indecent liberties is easy to make and hard to defend. Many elements may be taken into consideration, such as the delay in making a complaint. (*People v. Padfield*, 16 Ill. App. 3d 1011, 3076 N.E.2d 183.) The nature of the complaint and the circumstances testified to, to have viability, depend upon the credibility of the witnesses."

Likewise, in *People v. Myles* (1975), 31 Ill. App. 3d 45, 48, 333 N.E.2d 643,

646, the court in considering and approving the conviction of the defendant for sodomy, stated:

> "The facts which will establish the essential elements of the offense 'will vary as might ages, or places or times', and it is the totality of the record which must be examined with special caution when clandestine sexual acts are charged."

We have carefully examined the whole record herein and we are convinced that the evidence is sufficient to find the defendant guilty beyond a reasonable doubt.

We will not substitute our judgment for that of the jury. The judgment of the trial court, therefore, is affirmed.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.