THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NOIL DEAN SMOTHERS, Defendant-Appellant.

Fifth District   No. 77-231

Opinion filed April 12, 1979.

JONES, J., dissenting.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Mary H. Chay, research assistant, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Raymond F. Buckley, Jr., and Martin N. Ashley, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE G. J. MORAN delivered the opinion of the court:

The defendant, Noil Dean Smothers, appeals from a sentence of four months to the Illinois Department of Corrections imposed upon a conviction for illegal possession of cannabis in violation of section 4(c) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(c)).

■■ The only issue raised on appeal is whether the court considered improper factors in sentencing defendant. The State recommended a substantial fine as an incident to probation on the basis that if the police had not observed the plastic bag containing 12.2 grams of cannabis in defendant's possession, people, who were standing nearby, would be encouraged to use cannabis. The crime was committed in a tavern parking lot. The presentence report and evidence presented at the sentencing hearing established that defendant is 27 years of age, has been convicted of reckless driving and fictitious plates, had been honorably discharged from the Army after approximately four years of service including a tour with the infantry in Viet Nam, is sporadically employed as a construction worker, and has two children. One of defendant's children lives with defendant's ex-wife; the other child, by the woman he is living with, has been adopted by his mother. Defendant has partially supported both children. In sentencing defendant, the court stated:

"Alright. Two things come to my mind when I look at this matter. I think the State's Attorney or Assistant State's Attorney hit upon one of the points. This was the fact that this was the open more or less flagrant use of marijuana in public and I agree it makes the substance subject to being further distributed and possibly encourage others to participate with him. This is one thing that strikes me immediately, and then examining the Defendant's life style through the pre-sentence investigation. It is not one that any Court could condone to any great degree. He left one home broken. Of course, we don't know whose fault that was and then now he is living with another lady out of wedlock, and to this marriage is born a child. He has a prior record, of course mainly

pertains to driving, but of course there was one serious charge of reckless driving. Of course this was back in '73, almost '74, there was only a fine imposed. He has been subject to arrest. Of course, we are not taking that into consideration because there was no conviction but he has subjected himself to possible arrests in the past year or two, so taking these items into consideration, I am going to sentence the Defendant to four months incarceration and assess the Court costs. I did have in mind in the sentencing to impose a sentence on the Defendant of six months but you reminded me there was only 12 grams and this barely exceeds the Class B Misdemeanor level so I am only going to sentence the Defendant to four months incarceration and assess the Court costs * * *."

Defendant contends that the court abused its discretion by considering three improper factors: (1) his life style by living with a woman, who was not his wife; (2) arrests on which convictions have not been entered; and (3) the public nature of the offense. In a hearing on aggravation and mitigation, arrests not resulting in conviction are not to be considered. It is otherwise as to probation. *People v. Taylor* (4th Dist. 1973), 13 Ill. App. 3d 974, 301 N.E.2d 319; *People v. Moore* (5th Dist. 1971), 133 Ill. App. 2d 827, 272 N.E.2d 270.

■■ ■ In our opinion the trial court improperly considered defendant's life style and several arrests which did not result in conviction when it imposed the sentence of imprisonment on the defendant. Also in the opinion of the majority, there are several mitigating factors which should have been given greater weight by the trial court, and which support a reduced sentence. The defendant served in the armed forces for almost four years and received an honorable discharge. While in the Army where he performed radar duties in Germany and was in the infantry in Viet Nam, he earned a high school diploma.

The defendant has been steadily employed since his discharge and has contributed to the support of his son and daughter with his earnings. He was employed in Florida after being released on bond with permission to leave the State during the pendency of the proceedings in the trial court. His prior record consists of a few misdemeanor traffic violations for which he was fined. He had never been incarcerated or convicted of a felony.

The defendant has already served essentially a 23-day sentence; he was incarcerated in the Jefferson County Jail and the Vandalia Correctional Center prior to being released on bond.

We find that under the circumstances presented the trial court committed an abuse of discretion in imposing a sentence of four months imprisonment. Accordingly, pursuant to the authority granted by

Supreme Court Rule 615(b)(4), (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(4)), the sentence is reduced to time served.

Affirmed as modified.

KARNS, J., concurs.

Mr. JUSTICE JONES, dissenting:

In reducing the sentence imposed in this case the majority has substituted its discretion for that of the trial court. Such action is contrary to the repeated admonitions of the supreme court and accordingly I respectfully dissent.

The supreme court has on numerous occasions told this court that imposition of a sentence upon a convicted defendant is a function that lies within the sound discretion of the trial court and we as a court of review are not to intrude into the process unless there has been an abuse of that discretion by the trial court. *People v. Perruquet,* 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Rege,* 64 Ill. 2d 473, 356 N.E.2d 537; *People v. Butler,* 64 Ill. 2d 485, 356 N.E.2d 330; *People ex rel. Ward v. Moran,* 54 Ill. 2d 552, 301 N.E.2d 300; *People v. Kurtz,* 37 Ill. 2d 103, 224 N.E.2d 817.

Particular directness is contained in the *Perruquet* decision:

"Our rule 615(b)(4) grants reviewing courts the power to reduce the sentence imposed by the trial court. (58 Ill. 2d R. 615(b)(4).) The rule itself does not address the scope of this power or the circumstances under which it should be exercised. However, our decisions have firmly established that the imposition of a sentence is a matter of judicial discretion and that, absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. [Citations.] And this test has been applied in numerous appellate court opinions. [Citations.]

The defendant contends, however, that a reviewing court may reduce a sentence absent a finding of an abuse of discretion. This contention is clearly incorrect under the previously cited decisions of this court which have interpreted Rule 615(b). To whatever extent the appellate opinion implicitly holds that an abuse of sentencing discretion need not be shown in order for a reviewing court to alter a sentence, that opinion is erroneous.

We have frequently stated that the trial judge is normally in a better position to determine the punishment to be imposed than the courts of review. [Citations.] A reasoned judgment as to the proper sentence to be imposed must be based upon the particular circumstances of each individual case. [Citation.] Such a judgment depends upon many factors, including the defendant's credibility,

demeanor, general moral character, mentality, social environment, habits, and age. [Citation.] The trial judge, in the course of the trial and the sentencing hearing, has an opportunity to consider these factors 'which is superior to that afforded by the cold record in this court.' [Citation.] We continue to find that the trial court is normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight. *We therefore reaffirm our long-standing rule that absent an abuse of discretion by the trial court a sentence may not be altered upon review.*" (Emphasis added.) *People v. Perruquet*, 68 Ill. 2d 149, 153-54, 368 N.E.2d 882, 883-84.

In *People v. Heflin*, 71 Ill. 2d 525, 545, 376 N.E.2d 1367, 1376-77, the supreme court drew the following limitations for review of sentences which defines the breadth of discretion possessed by the trial court in imposing sentence:

> "This court will not disturb a sentence imposed by the trial court unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.) In this State, the spirit and purpose of the law are upheld when a sentence reflects the seriousness of the offense and gives adequate consideration to the rehabilitative potential of the defendant. See Ill. Const. 1970, art. I, sec. 11."

The record in this case shows that the trial court gave consideration to all the factors that would have a bearing on the proper sentence to be imposed upon defendant. The court's comments at the sentencing hearing, incorporated in the majority opinion, clearly shows this, and negates the assertion that the court considered arrests not followed by conviction. The court noted that defendant's prior record of driving violations included a serious charge of reckless driving. Speaking to the charge in this case the court took note of the fact that the offense was the open, flagrant use of marijuana in public with an attendant consequence that others might be encouraged to participate with him.

After considering the trial court's remarks it is plain to me that the sentence imposed resulted from the defendant's open disdain for law and the effect of his conduct to others. To the trial court, as to me, this has a great bearing on the nature and circumstances of the offense and the character and history of the defendant. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1.) The sentence imposed was only one-third of the maximum that could have been imposed and is thus a further reflection of the fact that the trial court did exercise discretion and give proper consideration to all the factors that bore on the sentence.

I find no basis in this record for a finding that the trial court abused its discretion and would therefore affirm.