THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY FRITZ, Defendant-Appellant.

Second District   No. 78-161

Opinion filed October 4, 1979.

2

Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant was tried by a jury on two counts of indecent liberties with a child. He was found guilty on both counts and was sentenced to five to 15 years imprisonment.

Defendant and his wife were temporarily living with another couple and that couple's two children, Randy and Ricky. The incident allegedly occurred on August 14, 1976, between defendant and Randy. Defendant argues first that he was not proved guilty beyond a reasonable doubt. In support he cites the following factors: Randy did not reveal the incident for 10 months and then only after his mother asked him about any sexual activities between him and defendant; the mother had learned of the possibility of these activities from defendant's ex-wife; Randy initially told the police there were 10 such incidents, but at trial said there were only four; after the incident on August 14, Randy simply returned to working on his models; and that Randy remembered the time of day the incident occurred because he had accidently unplugged his electric clock about five minutes before defendant came into his room.

■■ ■ Each of these factors are matters which go to the weight of the evidence and are properly for the jury to consider. (*People v. Padfield* (1974), 16 Ill. App. 3d 1011, 307 N.E.2d 183.) None of the alleged deficiencies is so great as to require us to supplant the jury's verdict. While the 10-month delay in reporting the incident might normally cause

suspicion, Randy testified that he did not report the incident earlier because he was embarrassed by it and that he was afraid because of threats made by defendant, and that he told his mother about the incident because she had told him that defendant had been similarly involved with his younger brother, Ricky. Under these circumstances, the delay is understandable. *People v. Padfield.*

During direct examination of defendant's wife, she said she was in the house at the time the incident allegedly occurred. Defense counsel then developed a line of questioning which showed that defendant left the house saying that he had to go to work and that he was gone from two or three in the afternoon until midnight. The State objected to this questioning as being in the nature of alibi testimony and noted that defendant had not listed the wife as an alibi witness in discovery. The court recessed and allowed the State to interview the witness in chambers about the potential alibi. She was placed under oath and a court reporter took notes. The State later used some of the answers given to impeach the witness at trial. Defendant contends that the interview was improper because it was in the nature of a discovery deposition not allowable in a criminal trial; because the matters questioned about are allegedly privileged; and because defendant was thereby forced to assume a defense which he claims he did not intend.

First, the original testimony that defendant was not present in the house at the time of the incident is, in our view, an alibi in that it places defendant far enough from the scene of the crime to render it impossible for him to have participated in it. *People v. Brown* (1969), 118 Ill. App. 2d 41, 254 N.E.2d 654.

Second, the sanction of allowing the interview in the form stated seems to be allowed by the general language of Supreme Court Rule 415(g) (Ill. Rev. Stat. 1977, ch. 110A, par. 415(g)) that on failure of a party to comply with discovery the court may, *inter alia*, enter such other order as it deems just under the circumstances. The remedy here does not appear unfair, and under the circumstances was probably the most practical approach. Although defendant offered to strike the testimony that he was at work, the court denied this. We believe this to have been the correct ruling, because whether defendant was at work or not is irrelevant, so long as the testimony stands that he was not in the house.

Defendant next contends that it was improper to allow the State to cross-examine defendant's wife about certain conversations she had with defendant, since the conversations allegedly fall within the marital privilege. The trial court ruled that the privilege was waived when the wife took the stand to testify. However, this fact merely waives the right to prevent one's spouse from testifying; it does not waive objection to improperly illiciting a confidential communication. (*People v. Godsey*

(1978), 57 Ill. App. 3d 364, 373 N.E.2d 95.) Although the privilege was violated, we conclude that defendant was not prejudiced thereby. The testimony in question involved defendant's request that he asked his wife to have his attorney check his work record for the night of the incident; that the wife never conveyed the request; and that an attempt by the State to impeach the wife on the collateral matters of the name of defendant's place of employment and the duration of his employment. In our view this testimony could not have prejudiced the jury, and the same result would have been reached without the testimony. Further, assuming arguendo that the conversations fall within the attorney-client privileges as defendant also contends, we conclude that defendant was not prejudiced by their admission, for the same reasons just indicated.

■■ In attempting to establish defendant's age, the State asked a police officer what defendant's date of birth was. Defense counsel objected to a bald recitation of the date, and the court instructed the State to lay a better foundation by establishing when and where the information was obtained. The policeman responded to a more detailed question by saying, "Back in 1974 we arrested Mr. Fritz on—" at which time the court interrupted him and stopped him from saying what the arrest was. Defense counsel made a general objection and was overruled. Since the information regarding a prior arrest was volunteered and since defendant had not objected to an earlier question that the witness knew defendant through work as a police officer, we conclude that there was no prejudice here.

■■ Defendant also alleges prejudice when a rebuttal witness volunteered that defendant was supposedly fired for stealing $150 from his place of employment. However, counsel asked that the statement be stricken and the court ruled that the statement be stricken and disregarded.

■■ Defendant also contends he was prejudiced when the State cross-examined his wife and she testified that she spoke with him when he was in jail. Since defendant never objected to this testimony that he was incarcerated, we view it as waived.

■■ Defendant also contends that he was prejudiced by a remark the State made in its rebuttal argument. Having noted that because a sex crime is usually committed in private and there are generally no other witnesses to the act other than the victim and the offender, the state's attorney said, "There's only two people that know what took place that night. The victim has testified." Defendant objected, and the court overruled, stating that there was no indication that defendant had any duty to testify. The prosecution is allowed to comment on the uncontradicted nature of the evidence, even if defendant is the only person who could provide the contradictory evidence. *People v. Curtis* (1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319.

■■ Finally, defendant contends that the trial court erred by considering his rap sheet in determining his fitness for probation. The rap sheet shows a number of arrests with no disposition and defendant argues that this evidence of bare arrests prejudiced him. We are aware that the Fourth District recently held that evidence of bare arrests may not be admitted, even if limited, to the determination of whether to grant probation. (*People v. Kennedy* (1978), 66 Ill. App. 3d 35, 383 N.E.2d 255.) However, we must disagree with our colleagues in the Fourth District. In our view it is essential to the determination of an appropriate sentence that a judge have the broadest possible range of information concerning defendant's life and characteristics. (*People v. Spann* (1960), 20 Ill. 2d 338, 169 N.E.2d 781.) This is in line with the requirement of section 5—6—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—1) which provides that the court shall have regard to the history, character and condition of the offender in determining whether to grant probation or sentence defendant to imprisonment. Mindful of the possible unfairness to a defendant in having the length of his sentence determined in part by charges not reduced to conviction, our courts have carefully limited the use of such information to the question of whether a request for probation should be granted and do not allow its use in determining the length of imprisonment. (*People v. Andreano* (1978), 64 Ill. App. 3d 551, 381 N.E.2d 783; *People v. Kelly* (1976), 36 Ill. App. 3d 476, 344 N.E.2d 50.) Until *Kennedy*, the Fourth District had also followed this rule. (*People v. Guthrie* (1978), 60 Ill. App. 3d 293, 376 N.E.2d 425.) It is our opinion that the rule as it has been expressed and applied over the years is a practical solution to a vexing problem, and we will continue to apply that rule.

The decision of the trial court is accordingly affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.