THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CORY SIEFKE, Defendant-Appellant.

Second District   No. 80-27

Opinion filed June 5, 1981.

Mary Robinson and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Following a jury trial, the defendant, Cory Siefke, was convicted of rape and sentenced to a term of 12 years imprisonment. On appeal he contends that the so-called rape shield statute (Ill. Rev. Stat. 1979, ch. 38, par. 115—7) is an unconstitutional infringement of his sixth amendment right of confrontation and that the trial court therefore erred in granting the State's motion in limine precluding introduction of the prosecutrix' reputation for chastity. Defendant also alleges error in the admission of testimony at the sentencing hearing relating to a charge which had not been reduced to conviction from a witness who had not been disclosed to him prior to the hearing.

■■■ In order to have standing to challenge the constitutionality of the statute, defendant must show either that he is directly affected by the statutory provision in question or that the unconstitutional feature is so pervasive as to render the entire act invalid. (*People v. Palkes* (1972), 52 Ill. 2d 472, 480-01, *appeal dismissed* (1973), 411 U.S. 923, 36 L. Ed. 2d 386, 93 S. Ct. 1892.) At the time the State made its motion in limine to preclude the introduction of the prosecutrix' reputation for chastity, the defendant indicated that he had no intention of introducing such evidence, and during the course of the trial, he made no attempt, through offers of proof or otherwise, to introduce such evidence. In view of the absence of any evidence concerning the prosecutrix' reputation for chastity, the defendant cannot contend that he was in any way directly or indirectly affected by the statutory provision in question. It should also be pointed out that the so-called rape shield statute is not a statute but constitutes one section of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 100—1 *et seq.*), an act which governs the procedure in the courts of Illinois for almost all criminal proceedings. It cannot be seriously contended that the alleged unconstitutionality of section 115—7 could be so pervasive as to render the entire Code of Criminal Procedure invalid. Having failed to make either necessary showing, the defendant lacks standing to challenge the constitutionality of the "rape shield" law.

■■ But, even if we were to find the defendant had standing, the issue of the constitutionality of section 115—7 of the Code of Criminal Procedure has already been determined in *People v. Cornes* (1980), 80 Ill. App. 3d 166, 175-76, where it was held that the "rape shield" law does not violate a defendant's right to due process or deprive him of his right to confront his

accusers. We continue to find the reasoning in *Cornes* persuasive and abide by its holding.

As a second ground for his appeal, the defendant contends that it was error for the trial court to admit certain testimony at the sentencing hearing, which related to a charge that had not resulted in a conviction, because he was unable to subject the witness to cross-examination. At the sentencing hearing, the State called a witness who testified in substance and in detail that defendant had attacked her at a particular time and place. The defendant at first objected to this testimony on the grounds that the State had not shown that the defendant had been convicted of this offense. This objection was overruled. At the conclusion of the examination of the witness, defendant advised the court that he had no discovery nor notice concerning the witness or the matter upon which she testified and on that basis renewed his objection to the entire line of testimony of this witness and asked that it be stricken. The judge refused to do so and again offered the defendant the opportunity to cross-examine the witness. The defendant stated that he had no cross-examination.

■■ Evidence of other offenses which have not resulted in a conviction may be introduced into evidence at sentencing hearings so long as such evidence is introduced as a full presentation of facts and circumstances with due opportunity for confrontation, cross-examination and rebuttal. *People v. Lemke* (1975), 33 Ill. App. 3d 795, 798; *People v. Davis* (1976), 38 Ill. App. 3d 649, 651; *People v. Stoutenborough* (1978), 64 Ill. App. 3d 489, 492.

■■ The defendant incorrectly asserts that he was entitled to discovery regarding the identity and testimony of a witness at the sentencing hearing. There is no general constitutional right to discovery in a criminal case, and prior disclosure of the names of adverse witnesses is not constitutionally required to ensure a fair trial. (*Weatherford v. Bursey* (1977), 429 U.S. 545, 559-60, 51 L. Ed. 2d 30, 42, 97 S. Ct. 837, 846-47.) Discovery is afforded criminal defendants in Illinois by statute (Ill. Rev. Stat. 1979, ch. 110A, pars. 411-415), and these discovery rules are clearly designed for use in connection with criminal trials. (*People v. DeWitt* (1979), 78 Ill. 2d 82, 86.) According to Rule 411 (Ill. Rev. Stat. 1979, ch. 110A, par. 411), discovery rules are "applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary." Where, as here, the defendant is at the sentencing stage of a felony prosecution, he stands already convicted, not accused, of the offense and is entitled to fewer procedural safeguards than those afforded the unconvicted defendant. See *DeWitt*, at 85.

■■ In this case, the evidence of the prior offense was introduced by the State through sworn testimony of the alleged victim in open court.

Defendant was able to confront the witness and was given the opportunity to cross-examine the witness and also to offer evidence in rebuttal. Such testimony is competent evidence and may be properly considered by the sentencing court. (*People v. Lemke* (1975), 33 Ill. App. 3d 795, 798; see *People v. Stoutenborough* (1978), 64 Ill. App. 3d 489, 492-93; *People v. Dominique* (1980), 86 Ill. App. 3d 794, 809.) The defendant's assertion that he was taken by surprise so that he was unable to subject the witness to rigorous cross-examination (see *Stoutenborough*, at 493-94) is unconvincing considering that defendant's attorney did not request a recess to confer with the defendant concerning his version of the alleged prior offense or otherwise seek a continuance. The trial court properly considered the testimony of the witness.

The judgment and sentence of the trial court is affirmed.

Affirmed.

REINHARD and LINDBERG, JJ., concur.