THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WAYNE TIESS, Defendant-Appellant.

Second District    No. 79-852

Opinion filed June 5, 1981.

Loren S. Golden, of Dundee, for appellant.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HOPF delivered the opinion of the court:

Wayne Tiess was charged with the offense of battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—3(a)(1)). A jury found the defendant guilty as charged, and he was sentenced to serve a term of nine months in the Lake County jail.

The record shows that on November 23, 1978, at about midnight, the defendant and the complaining witness were engaged in a game of pool at a tavern in Fox Lake. Beyond this point the facts are in dispute. The complaining witness' version is as follows. He left the game to go to the bathroom and upon his return the defendant shoved him. Upon leaving the tavern with friends he was hit in the chest with a pool stick by the defendant.

Later in the evening the witness was driving in the area when he noticed a car behind him flash its lights. He pulled over to the side of the road, and someone jumped out of the other vehicle, swung a club at him through the window and hit the vehicle several times. The witness sped away and was chased until stopped again in a driveway. This time the defendant and two other men approached the vehicle the witness had been driving.

The witness testified that he was hit across the bridge of his nose by the defendant with a tire iron. The two struggled to the ground and the witness was on top, but the other two men began beating him. The defendant picked up the tire iron and threatened to kill the witness. At this point the three assailants fled because someone was stealing their car, but returned and the witness and defendant exchanged blows again. During the fight the witness was struck across the hand with the tire iron. Much of this testimony was corroborated by another witness for the State who testified that it was the defendant who had come out of the car the first time and struck the driver with a blunt object.

The defendant's version of the facts is a mirror image of that given by the witness above, except that the witness was the provocator and the defendant was the victim. Defendant's brother testified that the complaining witness was following defendant, had flashed his lights and then

began hitting the rear of defendant's car. He testified that he, not his brother, had hit the witness, and neither he nor his brother had hit the back of the witness' hand. Defendant's brother was the only witness for the defense at trial.

In January of 1979, the defendant was charged with battery and criminal damage to property. During the first trial in April of 1979, a juror walked outside the jury room during deliberation and asked the judge a question about the jury instructions. This discussion took place outside the presence of counsel or the court reporter.

Prior to the time that the defense learned of the juror's discussion with the judge, the defense had filed a motion for a mistrial on the basis that the jury had advised the court they were not able to reach a decision about the defendant. The court then advised the defendant of the discussion with the jury that he had outside of the presence of counsel. A mistrial was declared. Defendant was retried on the one charge of battery and found guilty by another jury on August 27, 1979. Post-trial motions were denied, a presentence report was prepared and defendant was sentenced on December 13, 1979.

Defendant's first contention is that he was subjected to double jeopardy. He cites *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496, for the rule that if a mistrial is attributable not to prosecutorial or judicial error, but rather to prosecutorial or judicial over-reaching, then a retrial is forbidden. The defendant contends that if he had known of the discussion between the juror and the judge, he would have moved for a discharge rather than for a mistrial. He also contends that even if we find the motion for a mistrial applicable, the court's discussion with the juror constituted judicial over-reaching so that a retrial would be prohibited under *Pendleton*.

We do not believe there is an instance of judicial over-reaching in the case before us. In *Pendleton* the court noted that over-reaching is typically defined as judicial misconduct designed to provoke a mistrial or that it is motivated by bad faith on the part of the judge or prosecutor. This is not what occurred in the case before us, and we see no evidence of judicial over-reaching.

The double jeopardy clause of the fifth amendment is applicable to the States through the fourteenth amendment. (*Benton v. Maryland* (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.) Our United States Supreme Court in the case of *United States v. Scott* (1978), 437 U.S. 82, 93, 57 L. Ed. 2d 65, 75-76, 98 S. Ct. 2187, 2195, stated the law to be as follows:

> "Where, on the other hand, a *defendant* successfully seeks to avoid his trial prior to its conclusion by a motion for a mistrial, the Double Jeopardy Clause is not offended by a second prosecution.

'[A] motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by a prosecutorial or judicial error.' [Citation.] Such a motion by the defendant is deemed to be a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact."

■■ We find no evidence to support defendant's claim of judicial over-reaching and find that defendant was not subjected to double jeopardy. *People v. Clauser* (1979), 73 Ill. App. 3d 145, 391 N.E.2d 793.

■■ Defendant's next contention is that the trial court committed reversible error in allowing evidence of crimes other than the crime he was charged with to be placed before the jury. Similarly, he urges there was a material variance between the proof and the charge. In the first trial there were two charges, battery and criminal damage to property. In the second trial there was some evidence of and comment upon the damage to the motor vehicle involved, but defendant was only charged with battery. However, the damage to the cars was a part of the narrative that led up to the arrest of the defendant and was a part of the *res gestae* of the State's case. A continuous narrative of the events that led up to the arrest of an individual may be offered by the State. (*People v. Sessions* (1968), 95 Ill. App. 2d 17, 238 N.E.2d 94; *People v. Campos* (1978), 60 Ill. App. 3d 36, 376 N.E.2d 405.) We find no error in this regard.

■■ Defendant urges that there was a material variance between the proof presented and the crime defendant was charged with. He contends that testimony concerning the victim's severed finger was evidence of aggravated battery, a crime defendant was not charged with. The question of whether the injuries suffered by the victim, *i.e.*, severed finger, in this cause were so severe as to prove a charge of aggravated battery, as urged by defendant, is immaterial. It does not lead to the conclusion that there was a variance between the proof and the charge. Defendant's argument is without merit. Even if it were assumed that there was a variance, it would have had to be of such nature to either mislead the defendant in the preparation of his defense or to create the potential for double jeopardy. Such is not present here. (*People v. Nelson* (1965), 33 Ill. 2d 48, 210 N.E.2d 212, *cert. denied* (1966), 383 U.S. 918, 15 L. Ed. 2d 671, 86 S. Ct. 911.) Further, counsel for the defense did not ask for additional time in order to prepare or claim that he could not prepare a defense. *People v. Williams* (1978), 67 Ill. App. 3d 524, 384 N.E.2d 951.

■■ Defendant's next contention is that reversible error resulted from allowing photographs of the victim into evidence. Defendant cites *People v. Johnson* (1979), 76 Ill. App. 3d 147, 394 N.E.2d 919, where evidence of an injury unrelated to the elements of the crime defendant was charged with was admitted into evidence. The evidence had no probative value

and was held to be erroneously admitted and prejudicial to defendant. The case before us is distinguishable from *Johnson*. Here the photographs of the victim and testimony concerning the victim's hospitalization were necessary for proof of the charge of battery as part of the *corpus delicti* and *res gestae* of the crime.

■■ The photographs submitted into evidence were not, as defendant urges, so gruesome as to be unduly inflammatory. The admission into evidence of photographs is within the sound discretion of the trial court and that discretion will not be interfered with unless it is shown there has been abuse to the prejudice of the accused. (*People v. Nicholls* (1969), 42 Ill. 2d 91, 245 N.E.2d 771, *cert. denied* (1970), 396 U.S. 1016, 24 L. Ed. 2d 507, 90 S. Ct. 578.) We find no error in this regard.

■■ Defendant's next contention is that the trial court committed reversible error by allowing testimony of the victim's hospitalization into evidence. The defendant relies upon *People v. Nickolopoulos* (1962), 25 Ill. 2d 451, 185 N.E.2d 209, where evidence of blood and the victim's hospitalization was held irrelevant and improper in a trial for assault with intent to commit murder. In *Nickolopoulos* there was no dispute as to whether or not the defendant shot the gun and the only question was one of intent to kill. In the case before us the State was obligated to prove the element of bodily harm in order to prove battery. Hence it was proper to introduce evidence of hospitalization in order to prove the element of injury and *Nickolopoulos* is distinguishable. Further, in *People v. Champagne* (1971), 133 Ill. App. 2d 146, 272 N.E.2d 778 (abstract), testimony of a victim's hospitalization was held admissible and probative in showing the element of bodily harm necessary to prove battery.

Defendant next urges that the trial court erred in denying his motion for a directed verdict at the close of the State's case. The motion urged that the testimony in the trial as a whole was contradictory and that the State had not met its burden of proof. Our review of the testimony indicates there was ample evidence adduced by the State for the jury to decide an important issue of fact. The credibility of witnesses and facts presented were sufficient to prove a case of battery. Therefore, the trial court properly denied defendant's motion for a directed verdict.

The next contention is that it was reversible error for the State's requested instruction, Illinois Pattern Jury Instructions, Criminal, No. 5.03 (1968) (hereinafter cited as IPI Criminal) to be submitted to the jury. This instruction reads as follows:

> "A person is responsible for the conduct of another person when, either before or during the commission of a crime, and with the intent to promote or facilitate the commission of a crime, he knowingly solicits, aids, abets, agrees or attempts to aid the other person in the planning or commission of the crime."

Defendant argues this instruction should not have been given without an accompanying issues instruction to help the jury contend with the legal issues set out in IPI Criminal No. 5.03, the accessoryship instruction. *People v. Hatfield* (1972), 5 Ill. App. 3d 996, 284 N.E.2d 708, suggests that the better practice is to have the issues instruction given with the IPI Criminal No. 5.03, but found that not doing so was harmless error, largely because the verdict was supported by the evidence. Defendant argues that the State or the court should have supplied the issues instruction. We note that he failed to do so himself and made no objection to this at trial. The State cites *People v. Hinson* (1979), 70 Ill. App. 3d 880, 388 N.E.2d 899, where the court in citing *Hatfield* also found that not accompanying an issues instruction with IPI Criminal No. 5.03 was harmless error because the proof amply supported defendant's guilt on the theory of accountability. We find this error to be harmless in the case before us as well.

■■ The next issue urges error in that the presentence report listed arrests not disposed of in conviction. Defendant cites *People v. Smothers* (1979), 70 Ill. App. 3d 589, 388 N.E.2d 1114, for the proposition that arrests without convictions are not to be considered in a presentence report. Clearly, to the extent that the defendant was seeking probation at the sentencing hearing, evidence of all previous conduct, including arrest, is relevant to the decision of whether or not, within the discretion of the judge, probation is to be granted. (*People v. Fritz* (1979), 77 Ill. App. 3d 1, 395 N.E.2d 736.) In *Fritz* our court stated at page 6:

> "Mindful of the possible unfairness to a defendant in having the length of his sentence determined in part by charges not reduced to conviction, our courts have carefully limited the use of such information to the question of whether a request for probation should be granted and do not allow its use in determining the length of imprisonment."

Defendant further asserts that the court considered an item in the presentence report under the heading, "History of delinquency and criminality" that did not reflect a conviction. This item, listed as No. 10 in the report, did state that no disposition was available as to the charge of driving under the influence on December 26, 1975. The court, on the record, specifically stated that items 2, 7, 10 and 13 were considered as convictions in determining sentencing. Despite the ample and careful consideration the trial court gave to the defendant's record, the consideration of this arrest for which the disposition was unknown was error under the rule in *Smothers*. This raises the question of whether or not such error is harmless.

In light of the fact that the judge specifically stated that he was not going to consider anything other than arrests which resulted in a conviction

in his sentencing, it is likely that he merely misspoke. However, even if he did not, when the defendant's criminal history of three other convictions, including voluntary manslaughter is considered, the erroneous inclusion of item 10 was harmless error.

■■ The next contention made is that the court erred in not considering sentencing alternatives at the hearing in aggravation and mitigation. Defense counsel made a lengthy argument urging, among other things, that his client be given probation. The court stated that he considered certain items in assessing defendant's suitability for probation. The statute controlling sentencing hearings (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1) sets out the alternatives to be considered by the court. We feel that the judge followed the proper procedure in all regards in considering the alternatives. In a factually similar case cited by both parties, *People v. Shestiuk* (1978), 59 Ill. App. 3d 296, 376 N.E.2d 56, the court rejected the argument that the trial judge was obligated to make a statement that he considered all the alternatives. As the court has considered the alternatives, there is no need for him to so state. We see no error in this regard.

■■ Defendant's contention that his 1964 conviction for voluntary manslaughter was too remote is without merit. This conviction was contained in the presentence report and was properly considered by the court even though the conviction was more than 10 years old. *People v. Adkins* (1968), 41 Ill. 2d 297, 242 N.E.2d 258.

■■ The next point raised by defendant alleges that the sentence given him was excessive. In light of the serious injuries that resulted from the crime for which the defendant was convicted and the defendant's criminal record, we do not consider the defendant's sentence to be excessive. Sentencing is within the discretion of the trial court. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We see no indication that the trial court abused its discretion in this regard.

Other issues raised by the defendant were waived on appeal because they were not properly preserved in his post-trial motion. (*Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Further, we find no plain error.

■■ The last contention made by the defendant is that the trial court committed reversible error in not properly advising defendant of his rights to appeal under Supreme Court Rule 605 (Ill. Rev. Stat. 1979, ch. 110A, par. 605). This argument raises serious questions of mootness. Even if defendant was not properly advised he has pursued his appeal. Once you are on the bus and under way it makes little sense to complain that you weren't told what time the bus was going to leave or even that it was going to leave at all. Defendant did file a pro se notice of appeal at the conclusion of the sentencing hearing. This issue is moot and the defendant

has failed to show any prejudice that may have resulted. *People v. Leon* (1978), 66 Ill. App. 3d 778, 383 N.E.2d 1378.

The judgment of the circuit court of Lake County is hereby affirmed.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.