THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL BROWN, Defendant-Appellant.

Second District No. 80-224

Opinion.filed January 22, 1982.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Michael Brown, entered pleas of guilty to the offenses of home invasion (Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a)(1)) and aggravated kidnapping for ransom (Ill. Rev. Stat. 1979, ch. 38, par. 10—2(a)(1)) and was sentenced to concurrent terms of 30 years imprisonment. He appeals, contending these sentences were excessive and disparate from 12-year sentences he received for similar offenses in Kane County.

On October 29, 1979, after being fully admonished by the trial court pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1979, ch. 110A, par. 402), defendant entered pleas of guilty to these Class X offenses. The only plea agreement made with the State was that the State's Attorney would make no recommendation as to sentence and the remaining eight counts of the indictment would remain in force until after sentencing. The trial court was made aware there were similar charges then pending against defendant in Kane County and advised defendant that he would not necessarily receive concurrent sentences in the respective counties.

In its statement of the facts upon which the pleas were based, the State informed the court that on July 24, 1979, at about 11 a.m. defendant knocked on the door of the residence of Irma Beinhauer in West Chicago. He informed her he was doing a survey of the local sewer situation, and when she unlocked the screen door he forced his way in and produced a pellet gun which resembled a Luger pistol. Defendant ordered Mrs. Beinhauer, her two children and her uncle into the Beinhauer automobile and directed her to drive to a bank in West Chicago. There he directed Mrs. Beinhauer to draft a personal check to withdraw money from her account, but while waiting for the check to be cashed defendant became nervous and ordered her to drive off without obtaining the money.

The group then proceeded to Kane County where, by threatening use

of the pellet gun, he forced Lydia Freeman to leave her residence and accompany them to her bank in St. Charles. The police had been alerted and, although defendant attempted to escape, he crashed the car in which he and all of the victims were still riding. Defendant was then arrested and subsequently returned to Du Page County.

The presentence report also noted defendant was 23 years old at the time of these offenses. He was recently unemployed and lived with his girlfriend, whom he planned to marry, and her son, whom he helped support. Defendant had been convicted of misdemeanor theft by deception in 1974 and fined $70. He had also been convicted of armed robberies which occurred June 24, 1975, and July 2, 1975, and on August 30, 1975, he was sentenced to concurrent terms of four years imprisonment. Defendant was released on parole after serving two years of his term, having been granted meritorious good time credit by the Department of Corrections. He was on parole at the time of the present offenses, and his parole officer gave him a favorable report for that period.

The presentence report further stated that defendant got along well with his parents and that he believed he had emotional problems which caused him to commit the offenses. He had used drugs prior to his convictions in 1975 but had not done so since that time. A psychologist testified at the sentencing hearing that defendant could appreciate the criminality of his conduct but had difficulty differentiating between reality and fantasy. He stated that defendant had a schizophrenic disorder and was probably experiencing a psychotic episode during the offenses in question. Defendant's father, mother and girlfriend also testified. Lawrence Brown stated that defendant had been taken to a psychiatrist at age 12, but he would not cooperate in treatment and it was discontinued. He also testified that defendant had no serious childhood problems and was never violent. Sharon Brown testified that defendant always had an impulsive, obsessive personality. In his own testimony, defendant expressed remorse for the victims of the offenses and regretted committing them. He asked the court for leniency so that he could obtain help for his mental problems, which he asserted were the cause of his committing the offenses in question.

We note that, while the circumstances of the 1975 armed robberies do not appear in the record, there is no evidence that physical harm was inflicted by the defendant in the commission of those offenses. Although defendant used a pellet gun and the Beinhauers' automobile collided with several other vehicles in the present offenses, no one was physically harmed. Two of the victims of the present offenses reported they had difficulty sleeping afterwards and had become nervous. Additionally, the Beinhauers' automobile insurance premiums increased as a result of it

being damaged when defendant attempted to avoid arrest in Kane County.

In imposing sentence on December 19, 1979, the trial judge considered, on the record, the appropriate sentencing factors and the presentence report submitted to him. In doing so, the judge reviewed the nature of defendant's conduct in Du Page County, upon which these charges were based, and also remarked upon the facts pertaining to the then-pending Kane County charges, noting defendant had there forced Mrs. Freeman to leave her home and enter the car and had also attempted to escape when the police approached. The trial court then imposed the sentences from which defendant appeals.

On February 7, 1980, defendant was sentenced in the circuit court of Kane County, on his guilty plea, to concurrent terms of 12 years' imprisonment for aggravated kidnapping and armed robbery, based upon his abduction of Mrs. Freeman and the taking of $60 from her purse.

Defendant's motion to withdraw his guilty pleas in the present case was heard on March 7, 1980. It did not refer to the Kane County sentences and was premised upon the general issue that his Du Page County sentences were not in keeping with defendant's mental history and background. The motion to withdraw the pleas was denied, and defendant has appealed.

■■ Defendant contends that his Du Page County sentences must be presumed to be excessive and an abuse of the trial court's sentencing discretion because they were disparate to the sentences imposed upon him in Kane County for similar offenses, citing, *inter alia, People v. Henne* (1973), 10 Ill. App. 3d 179. We recognize the established rule that fundamental fairness and respect for the law require that defendants similarly situated not receive grossly disparate sentences. (*People v. Bares* (1981), 97 Ill. App. 3d 728, 738; 10 Ill. App. 3d 179, 180.) This rule of law does not deal with the issue of whether a sentence is excessive or insufficient, but, rather, it deals with the unfairness of imposing unequal sentences upon codefendants for the commission of the same offense. We reject any contention that such rule of law has any application to sentences imposed upon a single defendant for the commission of similar or identical, but separate, offenses. The disparity between the sentences imposed subsequently by the trial court in Kane County and the sentences imposed by the trial court in Du Page County in this case is no indication that the Du Page County sentences were excessive any more than it is an indication that the sentences imposed in Kane County were insufficient.

Defendant also contends that the 30-year sentences are otherwise excessive and requests that they be reduced to the 12-year terms imposed in Kane County. He emphasizes his strong family ties, youth and lack of

physical injury to his victims. (See *People v. Moon* (1976), 38 Ill. App. 3d 854, 865.) He refers to his remorse and awareness that his bizarre conduct constituted serious crimes. Defendant expressed his understanding at the sentencing hearing that it was necessary for him to go to prison and stated he hoped he would receive help for his mental problems.

A reviewing court has authority to reduce a sentence as excessive only if it is determined that the trial court abused its discretion in imposing it. (*People v. Cox* (1980), 82 Ill. 2d 268, 275; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) A sentence imposed by a trial court will not be disturbed unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose; a sentence which both reflects the seriousness of the offense and gives adequate consideration to the rehabilitative potential of the defendant will be upheld. *People v. Heflin* (1978), 71 Ill. 2d 525, 545, *cert. denied* (1979), 439 U.S. 1074, 59 L. Ed. 2d 41, 99 S. Ct. 848.

Initially, we note that the presentence report considered by the trial judge did make reference to the similar pending charges in Kane County which arose out of a continuation of defendant's conduct in Du Page County. It stated that defendant had sought to enter a plea of guilty in Kane County, but the trial judge there had refused to accept it because defendant's original attorney had been the prosecutor in 1975. The report indicated that a new attorney had been appointed and the case was awaiting the outcome of diagnostic tests of defendant taken at the Isaac Ray Center in Chicago. It is suggested that the trial court improperly considered such evidence.

■■ Arrests and pending charges not yet resulting in convictions, or the conduct upon which they are based, may not ordinarily be considered in determining the length of a sentence to be imposed. (*People v. Tiess* (1981), 97 Ill. App. 3d 45, 51.) However, in the present case, the commission of the offense of aggravated kidnapping for ransom for which defendant was being sentenced in Du Page County did not end at the county line but rather continued into Kane County. It was not concluded until defendant, in his abortive attempt to escape, crashed his car, in which the Du Page County victims were still riding, and was then apprehended by the police in Kane County. Defendant's conduct in Kane County, although it included facts concerning the abduction of Mrs. Freeman for which the defendant was charged in Kane County, was necessarily and properly before the Du Page County sentencing judge in this case.

In its recent decision in *People v. La Pointe* (1981), 88 Ill. 2d 482, the supreme court has again clarified the extent to which evidence of criminal conduct may be introduced at sentencing hearings even though that misconduct has not been the subject of prosecution and conviction. A sen-

tencing judge has wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by the law. He is not limited to considering only information which would be admissible under the adversary circumstances of a trial so long as he exercises care to insure the accuracy of the information considered. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 496.) Our review of the record discloses that the trial judge did not violate these standards in sentencing the defendant.

In imposing sentence, the trial court found in mitigation that the defendant did not inflict or intend to inflict bodily harm to the victims. The court added, however, that the defendant came very near to causing harm to the victims and did find in aggravation that defendant's sentence was necessary to deter others from committing the same offense, that defendant had a prior history of criminal activities which included two armed robberies, and that the defendant's character and attitudes indicated that he was likely to commit another crime.

After careful review, we cannot say that the trial court abused its discretion in its imposition of sentences on the defendant in this case.

The judgment and sentences of the trial court are affirmed.

Affirmed.

REINHARD, J., concurs.

JUSTICE NASH, dissenting:

I respectfully dissent having concluded from the record of the sentencing hearing that the trial judge improperly considered the then pending charges in Kane County in imposing sentence.

As noted by the majority, arrests or pending charges will not ordinarily be considered in determining the length of a sentence. (See *People v. Fritz* (1979), 77 Ill. App. 3d 1, 6, *rev'd on other grounds* (1981), 84 Ill. 2d 72; *People v. Smothers* (1979), 70 Ill. App. 3d 589, 591; see also *People v. Siefke* (1981), 97 Ill. App. 3d 14.) Generally it is presumed that a sentencing judge will disregard information improperly included within a presentence report, but that presumption is rebutted if the record reflects the court did, in fact, consider such evidence. (*E.g., People v. Brown* (1980), 91 Ill. App. 3d 163 (court made specific reference to evidence); *People v. De Groot* (1968), 108 Ill. App. 2d 1 (court overruled objection to evidence).) In the present case, the trial judge expressly referred to and reviewed defendant's conduct in Kane County for which charges were then pending. It cannot, therefore, be presumed that conduct of defendant did not, in part, form a basis for the severe sentences imposed.

I would remand for a new sentencing hearing to be certain defendant

was not sentenced in both Du Page and Kane counties for the same conduct. Compare *People v. Poll* (1980), 81 Ill. 2d 286, 289.