NOTICE

Decision filed 08/23/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210349-U

NO. 5-21-0349

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| WILLIE J. BOOKER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 21-MR-428 |
| | ) | |
| THE OFFICE OF THE MADISON COUNTY | ) | |
| STATE'S ATTORNEY, | ) | Honorable |
| | ) | Ronald J. Foster, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff lacked standing to bring declaratory action against the Office of the Madison County State's Attorney where plaintiff failed to allege that he was or would be subject to prosecution by the Office of the Madison County State's Attorney, and the alleged unconstitutionality of section 3-9005(a)(1) of the Counties Code was not so pervasive as to render the entire code void.

¶ 2    Plaintiff appeals the circuit court's dismissal of his declaratory action that requested the court find section 3-9005(a)(1) of the Counties Code (55 ILCS 5/3-9005(a)(1) (West 2020)) unconstitutional and bar defendant, the Office of the Madison County State's Attorney, from commencing prosecutions on behalf of the People of Illinois. For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      On April 15, 2021, plaintiff filed a declaratory action, requesting the court find section 3-9005(a)(1) of the Counties Code (*id.*) unconstitutional and bar defendant, the Office of the Madison County State's Attorney (Madison County State's Attorney Office), from acting under the same. The complaint alleged that section 3-9005(a)(1)—which allows the Madison County State's Attorney Office to commence criminal cases on behalf of the People of Illinois—violates article V, section 15, of the Illinois Constitution (Ill. Const. 1970, art. V, § 15) because it allows an officer other than the Illinois Attorney General to commence and prosecute criminal cases on behalf of the State of Illinois. It further alleged an actual controversy existed between the parties where the statute is active, and the Madison County State's Attorney Office prosecutes criminal cases on behalf of the State of Illinois pursuant to the authority provided in the statute.

¶ 5      On July 12, 2021, the Madison County State's Attorney Office filed a motion to dismiss, pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2020)). It argued that plaintiff failed to show his current incarceration resulted from a prosecution of the Madison County State's Attorney Office or that he was in immediate danger of being prosecuted by the Madison County State's Attorney Office. Therefore, he failed to allege a real interest in this controversy as it relates to the Madison County State's Attorney Office or how the Madison County State's Attorney Office deprived him of being "free from unconstitutional laws." The Madison County State's Attorney Office also contended that Illinois Supreme Court Rule 19 (eff. Sept. 1, 2006) required plaintiff to promptly notify the Illinois Attorney General of his constitutional challenge of section 3-9005(a)(1), and the failure to do so resulted in waiver. Because plaintiff failed to give prompt notice to the Attorney General, the Madison County State's Attorney Office contended the complaint must be dismissed.

2

¶ 6    On July 28, 2021, plaintiff filed a motion for summary judgment. Plaintiff contended that article V, section 15, of the Illinois Constitution and *People ex rel. Scott v. Briceland*, 65 Ill. 2d 485 (1976), restricted the legislature from delegating the duty to represent the People of Illinois to anyone other than the Attorney General in any litigation in which the People of Illinois were the real party in interest. As such, plaintiff claimed section 3-9005(a)(1) was null and void.

¶ 7    On August 22, 2021, plaintiff responded to the motion to dismiss. In his response, citing *People v. Palkes*, 52 Ill. 2d 472, 481 (1972), plaintiff contended that while a party does not have standing to challenge a statute as it might apply to others, such party has standing to challenge the constitutional validity of a statutory provision when the unconstitutional feature is so pervasive as to render the entire act invalid. Plaintiff then reiterated his argument that section 3-9005(a)(1) violates article V, section 15, of the Illinois Constitution and concluded he had standing to challenge the constitutional validity of section 3-9005(a)(1) because it is invalid and void. With respect to Rule 19 requirements, plaintiff argued that the rule was unconstitutionally vague, because it encouraged arbitrary enforcement by failing to describe with sufficient particularity that a party waived his constitutional challenge if he did not give the Illinois Attorney General notice of a constitutional challenge to a statute. Alternatively, plaintiff cited *Villareal v. Peebles*, 299 Ill. App. 3d 556, 560 (1998), and argued that a party does not waive his constitutional challenge by failing to notify the Illinois Attorney General under Rule 19 where the affected governmental agency—the Madison County State's Attorney Office—was named as a party.

¶ 8    After a hearing on October 22, 2021, the court granted the Madison County State's Attorney Office's motion to dismiss. The court found that plaintiff failed to comply with Rule 19 by failing to notify the Illinois Attorney General. It therefore held plaintiff's claim was waived and

3

dismissed the case with prejudice. It also denied plaintiff's motion for summary judgment as moot. Plaintiff timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10    From the outset we note that the Madison County State's Attorney Office filed a hybrid motion to dismiss, citing sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2020)). While section 2-619.1 of the Code (*id.* § 2-619.1) allows a party to combine motions to dismiss under sections 2-615 and 2-619 into one pleading, the Code requires the combined motion be separated into parts. *Phelps v. Land of Lincoln Legal Assistance Foundation, Inc.*, 2016 IL App (5th) 150380, ¶ 13. "Each part shall be limited to and shall specify that it is made under [the section under which it is being brought]" and "clearly show the points or grounds relied upon under the Section upon which it is based." 735 ILCS 5/2-619.1 (West 2020). The Madison County State's Attorney Office did not comply with these requirements, "and we caution the defendants to conform to the standards set forth by the Code in presenting hybrid motions in the future." *Phelps*, 2016 IL App (5th) 150380, ¶ 13.

¶ 11    When ruling upon either a section 2-615 or section 2-619 motion to dismiss, all well-pleaded facts, and reasonable inferences therefrom, are taken as true and construed in favor of the nonmoving party. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24. We review the ruling of a motion to dismiss—under either section—*de novo*. *Cedarhurst of Bethalto Real Estate, LLC v. Village of Bethalto*, 2018 IL App (5th) 170309, ¶ 10. We may affirm on any basis found in the record. *Schultz v. St. Clair County*, 2020 IL App (5th) 190256, ¶ 9.

¶ 12    "It is well established that a court may not address the constitutionality of a statute unless the party challenging the statute has standing to challenge it." *Northern Illinois Home Builders Ass'n v. City of St. Charles*, 297 Ill. App. 3d 730, 737 (1998). To have standing, plaintiff must

4

present an actual controversy between adverse parties. *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 489 (2008). Plaintiff "must have sustained or be in immediate danger of sustaining a direct injury from enforcement of the challenged statute." *Kluk v. Lang*, 125 Ill. 2d 306, 315 (1988). The injury "must be distinct and palpable, fairly traceable to the defendant's actions, and substantially likely to be prevented or redressed by the grant of the relief requested." *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 419-20 (2005). "It is a fundamental rule of constitutional law that a court will not determine the constitutionality of a provision of a statute that does not affect the parties to the cause under consideration." *Id.* at 423.

¶ 13 Here, plaintiff made no attempt to assert that he would be directly injured from the Madison County State's Attorney Office's authority provided by section 3-9005(a)(1). While the complaint alleges section 3-9005(a)(1) deprives him of liberty without due process, he fails to assert the Madison County State's Attorney Office deprived him of said liberty. There is no allegation that the Madison County State's Attorney Office prosecuted plaintiff or intended to immediately prosecute him. As such, plaintiff failed to present any injury fairly traceable to the conduct of the Madison County State's Attorney Office.

¶ 14 Plaintiff does not dispute that he lacks a direct injury here. Rather, citing to *People v. Mayberry*, 63 Ill. 2d 1, 6 (1976), he contends that he has standing because the unconstitutional feature of section 3-9005 is so pervasive as to render it invalid.

¶ 15 We first note that plaintiff fails to provide any explanation of his contentions beyond a simple citation to *Mayberry*. His failure to provide argument results in forfeiture. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Nevertheless, we find no merit in this argument. *In re James W.*, 2014 IL App (5th) 110495, ¶ 23 ("Forfeiture is a limitation on the parties, but not the court.").

5

¶ 16 A party—who is not directly affected by a statutory provision—may challenge the constitutionality of a statute if "the unconstitutional feature is so pervasive as to render the entire act invalid." *Mayberry*, 63 Ill. 2d at 6. The statute at issue here is one subsection of the Counties Code (55 ILCS 5/1-1001 *et seq*. (West 2020)), an act that governs vast subjects concerning counties such as county governing bodies, officers, and finances. The other provisions of the Counties Code function independently of and can be administered without section 3-9001(a)(1). Accordingly, the alleged unconstitutionality of section 3-9005(a)(1) would not be so pervasive as to render the entire Counties Code void. See *Gholson v. Engle*, 9 Ill. 2d 454, 462 (1956) (one statutory provision was not so integrated as to make the entire act unconstitutional where the remaining act could be administered without that provision); *People v. Cannon*, 358 Ill. App. 3d 313, 319 (2005) ("invalidity of any particular subsection of a statute will only lead to its severance and will not impact the validity of the remaining subsections, provided the remaining sections can function independently"); *People v. Siefke*, 97 Ill. App. 3d 14, 15 (1981).

¶ 17 Because plaintiff failed to allege direct injury and the alleged unconstitutionality was not so pervasive to render the entire Counties Code void, he lacks standing to bring this suit. Such finding disposes of this appeal, and we therefore need not discuss whether Rule 19 required plaintiff to notify the Illinois Attorney General.

¶ 18                                    III. CONCLUSION

¶ 19 For the foregoing reasons, we affirm the circuit court's dismissal of plaintiff's declaratory action.


¶ 20 Affirmed.