THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. THOMAS, Defendant-Appellant.

Fourth District   No. 4—82—0203

Opinion filed January 6, 1983.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, and Lawrence J. Essig, law student, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant pleaded guilty to voluntary manslaughter in violation of section 9—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 9—2) and was sentenced to an extended term of imprisonment of 14 years, to run consecutively to a 7-year sentence imposed for a prior armed robbery. On appeal, defendant challenges the sentence imposed. As we are remanding this case for resentencing, we need not address all issues raised by the defendant on appeal.

■ Defendant first maintains that he was improperly sentenced because the trial court had available to it the entire probation office file, which contained information not found in the presentence report. Defendant's version of the incident giving rise to the charges against him was that he killed the victim in a fit of outrage after the victim had made homosexual advances toward him. The apparent standard practice was for the trial judge to have available to him the entire probation file, which was not disclosed either to the People or to the defendant. Defense counsel only became aware of the practice subsequent to defendant's sentencing. Specifically, defendant objects to police reports found in the probation office file. Some police reports apparently raised the question of whether there had been a sex act between the defendant and the victim, inasmuch as some seminal material had been located on the victim's body. As the trial judge stated he did not believe defendant's version of the incident, defendant maintains that he had no opportunity to rebut the damaging reports found in the probation office file.

While we are in no way condoning the practice of the trial judge having available to him a file not disclosed to defendant, we fail to see how defendant has been prejudiced in this case. Defense counsel acknowledged at oral argument that all of the police reports found in the probation office file were disclosed to the defense during the discovery process. As the defendant had available to him the reports he is objecting to, we conclude no reversible error occurred.

We trust, however, that such a practice will be discontinued henceforth. Analogous in our opinion is the decision in *People v. Sumner* (1976), 40 Ill. App. 3d 832, 354 N.E.2d 18, wherein the trial judge made a private investigation by talking with members of the public as to whether a sentence of probation or conditional discharge would deprecate the seriousness of the offense. The court noted that when the trial judge makes a private investigation concerning the character and conduct of the defendant, he is required to advise the defendant of the information being considered and to give the defendant an opportunity to rebut the information. The procedure employed in the instant case where the trial judge has available to him the probation office file which is not disclosed to defendant is fraught with the same potential for prejudice to the defendant. Such a practice compromises the safeguards afforded defendants which are outlined in the sentencing procedures found in the Unified Code of Corrections.

The second instance of error alleged by the defendant is that the trial court erred by considering defendant's prior arrests which did not result in conviction where there was no evidence produced at sentencing to support the allegations, other than the presentence report. The trial judge, relying on *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344, held the arrests and other charges not resulting in conviction to be admissible and stated he would consider the arrests in regard to the length of sentence as well as to terms and conditions. We must, therefore, determine whether under *La Pointe*, a listing of mere arrests in a presentence report is admissible.

In *La Pointe*, the supreme court dealt with the question of the extent to which allegations or charges of criminal conduct could be considered at a sentencing hearing where no conviction had resulted from that conduct. In that case, the evidence in question consisted of the testimony of a witness that the defendant had asked him to participate in a robbery and to smuggle drugs to the defendant in jail. Because the evidence came in the form of sworn testimony by the party solicited, presented in open court and subject to cross-examination, the supreme court held that its admission by the trial judge was proper. As we understand that case, the significance of *La Pointe* is

that conduct not resulting in convictions may properly be considered by the trial court in the sentencing process if deemed relevant and accurate by the trial judge. We do not read *La Pointe* as broadly as do the People; namely, that mere allegations of prior criminal activity, without any supporting testimony, may be considered. We believe that the mere listing of prior arrests, not resulting in convictions, in a presentence report does not satisfy the accuracy requirement of *La Pointe*. We therefore hold that mere arrests, standing alone, without further proof of the conduct alleged, are inadmissible in the sentencing determination. As the record clearly demonstrates that the trial judge considered mere arrests in sentencing defendant, this case must be remanded for resentencing.

In view of the foregoing considerations, the defendant's conviction for voluntary manslaughter is affirmed; his sentence is vacated and this cause is remanded for resentencing.

Conviction affirmed; sentence vacated and remanded for resentencing.

GREEN and MILLER, JJ., concur.