THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN BOYER, Defendant-Appellant.

Third District   No. 3—85—0214

Opinion filed October 31, 1985.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Stuart Borden, State's Attorney, of Toulon (John X. Breslin and Rita K. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a jury trial, defendant, Kevin Boyer, was convicted of aggravated criminal sexual assault (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14) and home invasion (Ill. Rev. Stat. 1983, ch. 38, par. 12—11). He had been previously charged by information with these offenses. The circuit court of Stark County sentenced defendant to concurrent terms of 14 years' imprisonment in the Illinois Department of Corrections.

During the afternoon of August 14, 1984, Lori Hampton was alone in her home. A man wearing a red and black plaid shirt, blue jeans and brown gloves entered the premises and confronted Ms. Hampton. He told her to undress and lie down. After lowering his pants to his knees, the man got on top of her. He held her wrists and touched her breasts. He was not, however, able to have an erection, and when he tried to force his penis into her vagina, Ms. Hampton experienced pain. The man became angry, said she could not do anything right and could not excite him, and slapped her face. He then got off of her and told her to get dressed. He threatened he would get her if she told anyone and then left, taking her panties with him. Ms. Hampton was later found and taken to a hospital. She told her mother what had happened, and the sheriff's department was called.

The police first began an investigation of the defendant after his former girlfriend, Patricia Coons, contacted them. At trial, Ms. Coons gave corroborating testimony concerning defendant's conduct and his ownership of a shirt and pair of gloves similar to those described by the victim. During this investigation, a photograph of the defendant was taken and shown to Ms. Hampton in a photo array. She selected defendant as her assailant. The police obtained an arrest warrant, and defendant was subsequently arrested. Pursuant to a search warrant, the police found a red and black flannel shirt and a pair of brown gloves in defendant's apartment. Ms. Hampton later said this shirt looked like the assailant's. Ms. Hampton also selected the defendant

as her assailant out of a lineup. At trial she once again identified the defendant. A jury found defendant guilty of home invasion and aggravated criminal sexual assault. It is from this judgment that defendant now appeals.

Of primary concern on appeal is whether the trial court erred in finding the defendant guilty of aggravated criminal sexual assault. Section 12—14 of the Criminal Code of 1961 provides in pertinent part:

> "Aggravated Criminal Sexual Assault. (a) The accused commits aggravated criminal sexual assault if he or she commits criminal sexual assault and ***
>
> (2) the accused caused bodily harm to the victim; ***." Ill. Rev. Stat. 1983, ch. 38, par. 12—14.

Section 12—13 provides, *inter alia*:

> "Criminal Sexual Assault. (a) The accused commits criminal sexual assault if he or she:
>
> (1) commits an act of sexual penetration by the use of force or threat of force; ***." (Ill. Rev. Stat. 1983, ch. 38, par. 12—13.

Defendant contends the State failed to establish beyond a reasonable doubt that the complainant, Lori Hampton, suffered the degree of bodily harm necessary to support an aggravated criminal sexual assault conviction. Defendant argues that the State produced insufficient evidence of pain or perceptible physical harm such as lacerations, bruises, or abrasions which could be linked to the incident. The State asserts that proof of physical pain is sufficient to establish bodily harm and that Ms. Hampton's testimony at trial that she suffered pain was sufficient to establish bodily harm.

■■ Our supreme court has not yet had occasion to discuss and apply the bodily-harm provision of section 12—14. The court, however, has addressed the issue of bodily harm with regard to section 12—3, the battery statute. (Ill. Rev. Stat. 1983, ch. 38, par. 12—3.) In *People v. Mays* (1982), 91 Ill. 2d 251, 256, 437 N.E.2d 633, 635-36, the court stated:

> "Although it may be difficult to pinpoint exactly what constitutes bodily harm for the purposes of the statute, some sort of physical pain or damage to the body, like lacerations, bruises, or abrasions, whether temporary or permanent, is required."

We find this reasoning persuasive, and hold that bodily harm in section 12—14 should constitute the same requirements as bodily harm does in section 12—3. Furthermore, the State agrees with this finding by acknowledging in its brief that bodily harm should be defined the

same in both statutes.

■ Applying this principle to the case at bar, the facts disclose that Ms. Hampton testified affirmatively when asked, "Did you experience any pain?" She also testified that the defendant slapped her face. Ms. Hampton's mother testified as to her daughter's condition; however, nothing in her testimony dealt with observable physical harm except the mention of a bruise on her daughter's leg. No evidence was given, though, which linked this bruise to the occurrence. There also was no medical testimony offered which would indicate any physical harm as a result of the occurrence. In sum, there is no evidence in the record which indicates the presence of the requirements necessary to prove bodily harm, *i.e.*, lacerations, bruises or abrasions. We therefore find that in the instant case, defendant did not physically harm Ms. Hampton so as to be convicted of aggravated criminal sexual assault. The evidence is, however, sufficient to prove that defendant committed the offense of criminal sexual assault.

■ Under the broad powers granted by Supreme Court Rule 615(b)(3) (87 Ill. 2d R. 615(b)(3)), we may reduce the degree of an offense when lesser included offenses are involved. (*People v. Bitner* (1980), 89 Ill. App. 3d 1106, 412 N.E.2d 721.) Criminal sexual assault is a lesser included offense within the definition of aggravated criminal sexual assault. We, therefore, enter a judgment of conviction for criminal sexual assault.

■ We next address defendant's conviction of home invasion. Defendant contends we should reverse the trial court's decision because an essential element of the offense was not proved beyond a reasonable doubt, namely, injury to the complainant. Defendant asserts there was no evidence of pain or damage to the complainant from the slap to her face as charged in the information. The State responds by arguing that visible evidence of an injury is not necessary to establish that bodily harm occurred.

The home invasion provision provides in pertinent part:

> "Home Invasion. (a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and
>
> ***
>
> (2) Intentionally causes any injury to any person or persons within such dwelling place." (Ill. Rev. Stat. 1983, ch. 38, par. 12—11.)

This statute speaks in terms of injury rather than bodily harm. How-

ever, in *People v. Bitner* (1980), 89 Ill. App. 3d 1106, 1112, 412 N.E.2d 721, 726-27, we held that "[w]hile injury and bodily harm are not identical, it is clear that to cause an injury within the meaning of the home-invasion statute, one must cause bodily harm." For the same reasons as previously stated in this opinion, no bodily harm was proved, and as such the home invasion conviction cannot stand.

Defendant has raised the issue of possible instances of prosecutorial misconduct. Defendant asserts that these instances of error cumulatively deprived him of a fair trial. These include improper eliciting testimony about the defendant's character and testimony of an unrelated instance of purported violence; improper cross-examination; and improper closing argument. We have reviewed these alleged errors and find no support for defendant's contentions. Defendant has also raised an issue concerning the excessiveness of the sentence imposed by the trial court. This issue, however, need not be discussed in light of this opinion.

Accordingly, we reverse the defendant's conviction of home invasion, we reverse his conviction of aggravated criminal sexual assault and modify judgment for such conviction to criminal sexual assault, we vacate defendant's sentence, and we remand this case for consideration of a new sentence by the trial court.

Reversed in part; modified in part and remanded.

HEIPLE, P.J., and SCOTT, J., concur.