THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM E. H. WALLACE, Defendant-Appellant.

Second District   No. 84—1095

Opinion filed July 10, 1986.

G. Joseph Weller, Robert Hirschhorn, and Kim M. Dewitt, all of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, and William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, William E. H. Wallace, a second class petty officer in the Navy, was charged with aggravated criminal sexual assault and home invasion in an information filed in the circuit court of Lake County. Following a jury trial, defendant was found guilty of aggravated criminal sexual assault and not guilty of home invasion. He was subsequently sentenced to a 20-year term of imprisonment.

Defendant appeals raising three issues. First, he argues that he was not proved guilty beyond a reasonable doubt of aggravated criminal sexual assault because the evidence of bodily harm to the victim was insufficient. Second, he argues that the jury should have been instructed as to the meaning of "bodily harm" and that it was either error for the trial court to fail to give such an instruction *sua sponte* or ineffective assistance of defense counsel for failing to request and ten-

der such an instruction. Third, he argues that the trial court abused its discretion at sentencing by considering insufficiently reliable evidence of an out-of-state rape and evidence of noncriminal conduct in Lake County, Illinois. We affirm the conviction but remand for resentencing.

The incident out of which this case arose occurred in Waukegan the afternoon of July 19, 1984. Complainant was sunbathing in her back yard in her bikini. Defendant was driving a pickup truck. He stopped, asked her for directions to another street, and left. Defendant returned in his truck. He asked complainant if he could use her phone, and she refused saying there was a phone at a nearby store. He asked to use the phone book, and she again declined. Defendant turned to leave and complainant went to the side door of her house. She opened the door and defendant grabbed the door and entered the house behind her.

Complainant testified basically that he forced his way in, forced her to the floor, and forcibly had sexual intercourse with her. Defendant's testimony was essentially that he did not penetrate her and that she had implicitly consented to what they did together. Her implicit consent came from her overly friendly manner, the way she looked at him, and statements implying sexual attraction. When he followed her into the house, she pulled him down to the floor where they embraced, kissed and rubbed bodies against each other. Both the State and defense presented other witnesses and evidence which was introduced in support of the foregoing basic theories of the case.

■ The first issue raised concerns the sufficiency of the evidence of guilt of aggravated criminal sexual assault. Section 12—13(a)(1) of the Criminal Code of 1961 provides:

> "The accused commits criminal sexual assault if he or she:
> (1) commits an act of sexual penetration by the use of force or threat of force; ***." (Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a).)

Section 12—14 of the Criminal Code of 1961 provides:

> "The accused commits aggravated criminal sexual assault if he or she commits criminal sexual assault and any of the following aggravating circumstances existed during the commission of the offense:
> * * *
> (2) The accused caused bodily harm to the victim; ***." (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(a).)

Defendant contends that this aggravating circumstance was not established by the evidence.

The parties agree that "bodily harm" in section 12—14 should be

defined the same as "bodily harm" in section 12—3, the battery statute. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—3(a)(1), 12—14(a)(2).) This position is supported by a recent case (*People v. Boyer* (1985), 138 Ill. App. 3d 16, 18-19, 485 N.E.2d 460, 462). With respect to "bodily harm" in the battery statute, our supreme court has said:

> " 'Although it may be difficult to pinpoint exactly what constitutes bodily harm for the purposes of the statute, some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent, is required.' " (*People v. Mays* (1982), 91 Ill. 2d 251, 256, 437 N.E.2d 633, 635-36, quoted in *People v. Boyer* (1985), 138 Ill. App. 3d 16, 18, 485 N.E.2d 460, 462.)

While generally agreeing that these are the principles applicable to the issue raised, the parties disagree over their application.

We believe that evidence of bruises on the victim's back and arm was sufficient to permit the jury to conclude that defendant caused her bodily harm during the offense. Defendant argues that the bruises were not sufficiently linked to the offense. This is incorrect.

The victim testified that the bruises were not present before the offense. Defendant, who had been in a position to see the victim's back, testified that he did not recall seeing the bruises shown in a picture of her back taken after the offense. The victim testified to a struggle in which she was forced to the floor. The victim and the doctor who treated her at the emergency room testified that she had the bruises after the attack, and that two photographs admitted into evidence accurately showed the bruises as they appeared after the incident. The victim testified that she received the bruises during the incident, but also testified that she did not know how she received them. She further testified that prior to the incident she had been "scared to death" and afterwards had been "numb." This arguably inconsistent testimony as to how she received the bruises and this testimony as to her emotional state could have been considered somewhat impeaching. However, from the testimony of the victim, defendant and the doctor, the jury could properly have found that the bruises were not present before the offense, were present after the offense, and were caused by defendant during the offense. This was sufficient to support the jury's conclusion that the bodily harm aggravating circumstance had been proved beyond a reasonable doubt.

The case of *People v. Boyer* (1985), 138 Ill. App. 3d 16, 485 N.E.2d 460, is distinguishable. In that case the victim's mother testified that there was a bruise on her daughter's leg, but there was no evidence linking the bruise to the occurrence. In the case at bar, the testimony

that no bruise was present before the incident, that there was a struggle in which the victim was forced to the floor, and that there were bruises on the victim after the incident permitted the jury to infer that defendant caused the bruises during the incident.

■ Defendant argues that to find bodily harm was established in this case would render the term unconstitutionally vague and overbroad because such an interpretation would negate the distinction between criminal sexual assault and aggravated criminal sexual assault. Because this contention is plainly incorrect, it is unnecessary to address the State's contention that it has been waived.

This contention is premised, insofar as the bruises are concerned, on the bruises having been merely incident to the use of force and not constituting bodily harm. In other words, it was incident to the criminal sexual assault and so should not be considered the bodily harm necessary to elevate the offense to aggravated criminal sexual assault. However, a criminal sexual assault may be committed without any bodily harm, including bruises. (See *People v. Mays* (1982), 91 Ill. 2d 251, 256, 437 N.E.2d 633, 635-36 (battery by bodily harm requires "some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent" but rape does not).) Consequently, defendant's suggestion that bodily harm could not constitutionally be found in this case is without merit because the claim which underlies it—that finding bodily harm in this case will eliminate the distinction between criminal sexual assault and aggravated criminal sexual assault—is incorrect.

■■ Defendant's second issue concerns whether the jury should have been instructed as to the meaning of the term bodily harm. Defendant argues that the trial court should have given such an instruction *sua sponte* or, alternatively, that defense counsel's failure to request and tender such an instruction was ineffective assistance of counsel.

Defendant's failure to tender the instruction at trial and to raise this issue in his post-trial motion has waived the question of the propriety of the failure to give the instruction. (*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027.) It is true that a court bears the burden of instructing the jury on the elements of the offense, the presumption of innocence, and the burden of proof. (*People v. Parks* (1976), 65 Ill. 2d 132, 357 N.E.2d 487.) The instruction defendant claims was missing did not deal with so fundamental a matter, as defendant does not claim that the jury was not instructed on the elements of the offense but rather that one of these elements should have been further defined. This definitional instruction was not so basic to

the instructions given on the offense that the failure of the trial court to *sua sponte* give it resulted in an unfair trial. *People v. Underwood* (1978), 72 Ill. 2d 124, 130-31, 378 N.E.2d 513, 516.

■ Finally, in connection with defendant's argument that the failure to request and tender the instruction was ineffective assistance of counsel, as well as defendant's claim that the trial court erred in not giving the instruction *sua sponte*, it was not necessary that the jury receive an instruction defining bodily harm in this case. For purposes of the aggravated criminal sexual assault statute:

> "(b) 'Bodily harm' means physical harm, and includes, but is not limited to, sexually transmitted disease, pregnancy and impotence." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(b).)

As the terms are generally understood, "bodily" means "of or relating to the body" while "body" means "the total organized physical substance of an animal or plant: the aggregate of tissues: the physical organism." (Webster's Third New International Dictionary 245, 246 (1981).) Thus, the generally understood meaning of "bodily harm," harm to the physical organism, is essentially the same as the statutory definition, "physical harm." Since the term "bodily harm" is used in the statute in its general, rather than some technical, sense, it was unnecessary to define it for the jury. (*People v. Johnson* (1981), 98 Ill. App. 3d 228, 234, 424 N.E.2d 610, 616.) As part of his argument on this point, defendant claims that "[i]n the lay sense of the term, emotional harm or trauma might constitute bodily harm." This is incorrect, as the definitions of "bodily" and "body" demonstrate.

■ Defendant also argues that the lack of an instruction defining "bodily harm" would have permitted "the jury to include the vaginal trauma incident to forcible sexual penetration" and so eliminate the distinction between criminal sexual assault and aggravated criminal sexual assault. The problem with this lies in the assumption that "forcible sexual penetration" of the vagina will necessarily cause some vaginal trauma. There is no basis for this assumption in the record, and it is certainly incorrect, as " '[s]exual penetration' means any contact, however slight, between the sex organ of one person and the sex organ *** of another person." Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).

■ Defendant's final contention is that the trial court considered improper evidence in aggravation at sentencing. A distinction must be made to minimize the possibility of confusion. "Aggravate" is used in the statutes relevant to this case in two different ways. The existence of one of the listed "aggravating circumstances" is an element of the offense of aggravated criminal sexual assault. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(a).) Thus far, we have used the word in this sense. This

usage is to be distinguished from "factors in aggravation" justifying the imposition of a more severe sentence. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2.) In this sense,

> " 'Aggravation' is a circumstance which increases guilt or enormity or adds to the injurious consequences of the offense, 'but which is above and beyond the essential constituents' of the offense itself. [Citations.]" (*People v. Robinson* (1981), 92 Ill. App. 3d 972, 978, 416 N.E.2d 793, 799.)

We will use the term "aggravation" in the latter sense in the rest of this opinion, except when we call the offense of aggravated criminal sexual assault by name.

The evidence in dispute concerned two incidents. They will be discussed separately because defendant's objections to them differ significantly.

The evidence of one incident came primarily from the testimony of Melody Parker. The day before the commission of the offense at bar, she was in the garage of her boyfriend's Gurnee home cleaning out his car. Defendant approached the garage and asked for directions. She told him she was unfamiliar with the area. He asked to use the phone, she refused, and he left. She was in the house about 30 minutes later when the doorbell began ringing. She looked out and saw that it was defendant. She called the police and, at their direction, looked out and saw a rust-colored car. The ringing stopped, and she looked out again, noting that the car was actually a truck. Gurnee police officer Terry Mors stopped defendant in his pickup truck a short time later, and defendant told him he was looking for a particular address in Gurnee and had stopped to ask for directions. He said he had stayed at the door because he could tell someone was home, but left when no one would answer the door.

Defendant argues that this was improperly considered in aggravation because it was not evidence of any crime and because the inference "that it was an aborted prelude to an assault" was unwarranted. We disagree. Whether or not the evidence established an attempt (criminal sexual assault) as the State claims, it was appropriate for the trial court to consider the incident among the broad range of information relevant to sentencing. (See *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) Contrary to defendant's claim, the proximity in time to, and similarity between, the offense at bar and the Gurnee incident permitted the trial court to infer that defendant would have sexually assaulted Melody Parker if he had been able to enter the house with her.

Evidence of the other incident came exclusively from John Schaef-

fer of naval intelligence. Waukegan police officer Davis asked Schaeffer about defendant's background. Schaeffer called naval intelligence in South Carolina, where defendant had previously been stationed, to see if they had any prior incidents similar to the offense at bar. Officer John Davies in South Carolina called back and told him of an incident wherein a marine pilot's wife had been raped by a man who approached her house, asked for a boost for his car, followed her into her house, and assaulted her. Officer Davis gave Schaeffer a photo lineup which included defendant. Schaeffer sent it to South Carolina where Davies gave it to a detective with the local sheriff's department. This detective showed the lineup to the pilot's wife who selected defendant's photograph. During his testimony at the sentencing hearing, defendant denied ever meeting the marine pilot's wife.

Defendant argues that Schaeffer's testimony about the rape was triple hearsay which was insufficiently reliable to be considered in aggravation of his sentence. The State argues that the trial judge recognized this deficiency in the evidence and so only gave it the weight it deserved. It would appear that the judge did recognize the problems with the evidence of the South Carolina rape, but nonetheless erred in the consideration he gave to that evidence.

Prior to the sentencing hearing, defendant moved *in limine* to exclude the evidence in dispute. The judge denied that motion, and subsequently overruled objections to the testimony of Schaeffer, but noted that the evidence was hearsay. During his remarks prior to announcing the sentence, the judge referred to the South Carolina rape twice:

> "This hearing is somewhat eye-opening—the Court has allowed the testimony over the objections—of the incident that occurred or transpired in Gurnee, *and also as to at least the charge of what apparently is rape in South Carolina.* .
>
> * * *
>
> The Court must consider at the very least, *that he is charged with a very serious offense in South Carolina*; that the incident on Magnolia [in Gurnee] did in fact occur." (Emphasis added.)

From these remarks, it is apparent that the judge, recognizing the reliability problem, was only willing to go so far as to consider the fact that defendant had been charged with the South Carolina rape. This, however, was erroneous.

Bare arrests and pending charges may not be utilized in aggravation of a sentence. (*People v. Thomas* (1983), 111 Ill. App. 3d 451, 444 N.E.2d 288; *People v. Brown* (1982), 103 Ill. App. 3d 306,431 N.E.2d 43; *People v. Kirk* (1978), 62 Ill. App. 3d 49, 378 N.E.2d 795; *People v. Gaines* (1974), 21 Ill. App. 3d 839, 316 N.E.2d 14.) This is in

contrast to evidence of criminal conduct unrelated to the offense of which a defendant has been convicted, which may be considered at sentencing. (*People v. Kirk* (1978), 62 Ill. App. 3d 49, 378 N.E.2d 795.) As with all information at sentencing, before relying on such evidence the judge "must determine its accuracy [citations], and he must take care to shield his mind from what might be the prejudicial effect of unreliable and other improper evidence. [Citation.]" *(People v. Crews* (1967), 38 Ill. 2d 331, 337, 231 N.E.2d 451, 454.) See also *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344; *People v. Houseton* (1986), 141 Ill. App. 3d 987, 490 N.E.2d 1354.

The trial judge, as his remarks show, considered only the fact that defendant was charged with rape in South Carolina. It appears then that the trial judge was unimpressed with the reliability of the evidence of the acts underlying that charge, and so did not consider them. The error here is, once the judge decided not to consider the evidence of the underlying facts, he was left with the mere fact of a pending charge. Consideration of that fact was erroneous.

■ Although the trial judge did dwell more on the Gurnee incident than on the South Carolina rape, it cannot be said that the latter did not influence the sentence. A sentence for aggravated criminal sexual assault must be not less than 6 and not more than 30 years of imprisonment. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(c), 1005—8—1(a)(3).) Defendant was sentenced to 20 years for this offense. Defendant had been in the Navy since 1978 and had both a good record and a good reputation. He supported his wife and son, and her three other children, whom he was adopting. He had no prior convictions. Although the offense of which he was convicted is inherently very serious, it was committed in an unaggravated manner. The only significant facts in aggravation noted by the judge were the Gurnee incident and the South Carolina charge. Although the judge obviously placed more weight on the Gurnee incident, under the circumstances it cannot be said from the record that the sentence 14 years longer than the minimum was not affected by the erroneous consideration of the rape charge in South Carolina. This cause must therefore be remanded for resentencing.

The judgment of the circuit court of Lake County is accordingly affirmed in part and reversed in part, and the cause is remanded for resentencing.

Affirmed in part; reversed in part; and remanded.

SCHNAKE and HOPF, JJ., concur.