THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMAL LAUDERDALE, Defendant-Appellee.

First District (4th Division)   No. 1—91—0667

Opinion filed April 30, 1992.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Catherine A. Hufford, Assistant State's Attorneys, of counsel), for the People.

Tate & Schroeder, Ltd., of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Defendant Jamal Lauderdale was indicted on one count of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a)(2)) and one count of criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(1)) with respect to an incident pertaining to L.T. that allegedly occurred in January 1990. Defendant filed a motion to dismiss the count of the indictment charging him with aggravated criminal sexual assault, arguing that the victim's injuries as alleged in that count did not warrant enhancement of the charge to aggravated criminal sexual assault. The trial court granted the defendant's motion to dismiss the aggravated criminal sexual assault count in the indictment, and the State appeals. (134 Ill. 2d R. 604(a)(1).) Because we conclude that the allegations of bruising and abrasion to the victim's vaginal wall and destruction of her hymen were sufficient to constitute the "bodily harm" element of aggravated criminal sexual assault, we reverse and remand.

The record shows that a two-count indictment was returned against defendant in February 1990. Count I alleged that he had committed an act of aggravated criminal sexual assault upon L.T. by "sexual penetration, *** to wit: contact between [defendant's] penis and [L.T.'s] vagina by the use of force and by the threat of force," and that this act "caused bodily harm to [L.T.] by causing destruction of the hymen, and causing bruises and abrasions on the inside of vaginal vault." Count II of the indictment alleged that defendant had committed an act of criminal sexual assault upon L.T. by "sexual penetration,

\*\*\* to wit: contact between [defendant's] penis and [L.T.'s] vagina by the use of force and by the threat of force."

Defendant filed a motion to dismiss count I of the indictment alleging aggravated criminal sexual assault. (See Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a) (dismissal of indictment where charge does not state an offense).) Defendant argued that destruction of the victim's hymen and bruises and abrasions to the victim's vaginal wall were normal incidents to the criminal sexual assault and therefore could not support enhancement of the charge to aggravated criminal sexual assault.

Following a hearing, the trial court granted the defendant's motion to dismiss the aggravated criminal sexual assault count of the indictment. The court determined that the alleged bodily harm to the victim was implicit in the act of criminal sexual assault and could not serve to enhance the offense charged to aggravated criminal sexual assault. The trial court later denied the State's motion to reconsider, and this appeal followed.

The State argues that count I of the indictment, wherein the defendant was indicted for aggravated criminal sexual assault, alleged sufficient injury to the victim to charge the defendant with causing her "bodily harm," thus enhancing the offense to aggravated criminal sexual assault. On this basis, the State contends that count I of the indictment was sufficient to withstand the defendant's motion to dismiss that count of the indictment. Defendant responds that because the victim's vaginal bruises, abrasions, and ruptured hymen were the normal incident of the alleged criminal sexual assault, these injuries could not serve to enhance the offense to aggravated criminal sexual assault.

■ Section 12—13 of the Criminal Code of 1961 states that a person commits the offense of criminal sexual assault when he "commits an act of sexual penetration by the use of force or threat of force." (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(1).) Under the statute, "sexual penetration" is defined as "any contact, however slight, between the sex organ of one person and the sex organ \*\*\* of another person." Ill. Rev. Stat. 1989, ch. 38, par. 12—12(f).

Section 12—14(a)(2) of the Criminal Code provides that the offense of criminal sexual assault is enhanced to aggravated criminal sexual assault if the offender causes "bodily harm to the victim" in committing the act of criminal sexual assault. (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a)(2).) Section 12—12(b) defines "bodily harm" to "mean[ ] physical harm, and includes, but is not limited to, sexually

transmitted disease, pregnancy and impotence." Ill. Rev. Stat. 1989, ch. 38, par. 12—12(b).

■■ In *People v. Haywood* (1987), 118 Ill. 2d 263, 515 N.E.2d 45, the Illinois Supreme Court found that it is proper to give the term "bodily harm" in the aggravated criminal sexual assault statute the. same meaning that the supreme court ascribed to the term "bodily harm" in *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633, to interpret the battery statute. In *Mays*, the court stated:

> "Although it may be difficult to pinpoint exactly what constitutes bodily harm for the purposes of the statute, some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent, is required." (91 Ill. 2d at 256.)

By considering this definition for the term "bodily harm" under the aggravated criminal sexual assault statute, the court in *Haywood* determined that the definition of this offense was not unconstitutionally vague. (*Haywood*, 118 Ill. 2d at 275-77.) In so ruling, the Illinois Supreme Court rejected the view that the distinction between criminal sexual assault and aggravated criminal sexual assault was vague on the theory that "an act of 'sexual penetration alone constitutes bodily harm by the mere invasion of the victim's sexual anatomy.' " 118 Ill. 2d at 276.

A similar ruling was reached by the court in *People v. Wallace* (1986), 145 Ill. App. 3d 247, 495 N.E.2d 665, where the court rejected the defendant's argument that the jury should have been given an instruction defining the term "bodily harm" under the aggravated criminal sexual assault statute. The defendant claimed that the lack of such an instruction permitted the jury to conclude that the vaginal trauma incident to forcible sexual penetration amounted to bodily harm, and thereby eliminate the distinction between criminal sexual assault and aggravated criminal sexual assault. (145 Ill. App. 3d at 253.) The court rejected this contention, reasoning as follows:

> "The problem with this [argument of the defendant] lies in the assumption that 'forcible sexual penetration' of the vagina will necessarily cause some vaginal trauma. There is no basis for this assumption in the record, and it is certainly incorrect, as ' "[s]exual penetration" means any contact, however slight, between the sex organ of one person and the sex organ *** of another person.' Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f)." 145 Ill. App. 3d at 253.

■ In light of this precedent, we are unable to accept the claim of the defendant in this cause that count I of the indictment failed to state the offense of aggravated criminal sexual assault.

The definition of "bodily harm" under the aggravated criminal sexual assault statute includes injuries to sexual organs, such as sexually transmitted diseases, or other medical conditions such as pregnancy or impotence. (Ill. Rev. Stat. 1989, ch. 38, par. 12—12(b).) Inclusion of these conditions indicates that the legislature intended that the term "bodily harm" be given a broad interpretation to include injuries to the victim's sexual organs or reproductive capacities. Accordingly, the vaginal abrasions, bruises and ruptured hymen suffered by the victim herein are sufficient allegations of bodily harm to survive defendant's motion to dismiss. These injuries constitute allegations of "bruises or abrasions, whether temporary or permanent" (*Mays*, 91 Ill. 2d at 256), and therefore are adequate to charge the defendant with aggravated criminal sexual assault.

We cannot agree with defendant's assertion that the vaginal injuries suffered by the victim were the normal incident of a criminal sexual assault. Criminal sexual assault does not require vaginal penetration, but only contact between the sexual organs of the defendant and the victim's vagina. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—12(f), 12—13(a)(1).) We are unable to say that such sexual contact would necessarily cause bruises and abrasions to the victim's vaginal wall or destruction of her hymen. In addition, consistent with the reasoning of *Haywood* and *Wallace*, we are not prepared to hold that forcible sexual penetration of a victim's vaginal cavity will necessarily cause the victim to suffer vaginal bruises, abrasions and a ruptured hymen.

In light of all of these considerations, we find that the allegations of the victim's injuries as stated in count I of the indictment were sufficient to overcome defendant's motion to dismiss. Accordingly, we reverse the trial court's dismissal of the aggravated criminal sexual assault count of the indictment returned against defendant and remand the cause for further proceedings consistent herewith.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.