THIRD DIVISION

                                      Date Filed: March 31, 2004

No. 1-03-0382

THE PEOPLE OF THE STATE OF ILLINOIS,    ) Appeal from the

                                        ) Circuit Court of

           Plaintiff-Appellee,          ) Cook County.

                                        )

           v.                           ) No. 02 CR 7422

                                        )

EDDIE JOHNSON,                          ) Honorable

                                        ) Evelyn B. Clay,

           Defendant-Appellant.         ) Judge Presiding.

     JUSTICE HALL delivered the opinion of the court:

     Following a bench trial, the defendant, Eddie Johnson, was found guilty of the offenses of home invasion (720 ILCS 5/12-11(a)(6) (West 2000)), residential burglary (720 ILCS 5/19-3(a) (West 2000)), and aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2000)).  The trial court merged the aggravated criminal sexual abuse conviction into the residential burglary conviction and sentenced the defendant to concurrent terms of 20 years' imprisonment for home invasion and 15 years' imprisonment for residential burglary.
(footnote: 1)  The defendant's motion for reconsideration of his sentence was denied.  

     The defendant appeals, raising the following issues on appeal; whether the trial court's consideration of improper sentencing factors requires a new sentencing hearing; whether the trial court abused its discretion in imposing the sentences in this case; whether the defendant's conviction and sentence for residential burglary must be vacated; and whether the mittimus must be corrected.

     The pertinent testimony at trial revealed that the nine-year-old victim, who resided with his parents, sisters, and older brother, awakened in the middle of the night and discovered the defendant, a friend of his father's, in bed with him.  The defendant rubbed his hand on the victim's butt.  The defendant then got up and unscrewed a light bulb and left the room.  A few minutes later, the defendant returned and rubbed his penis against the victim's butt.  The defendant then left the room.  The victim went downstairs and told his brother what had happened.  The victim then went to tell his mother, and his brother went to tell their father.   

     According to the defendant, the victim's father invited him to stay at the family's residence because they were doing a job together.  The defendant was sleeping on the back porch and got up during the night to use the restroom.  After using the restroom, the defendant talked with the victim's brother until they heard a noise downstairs, and the brother went to investigate.  After the brother returned, they continued talking until the brother left again.  Then the victim's father appeared, telling the defendant to leave and that the victim's mother was calling the police.  The defendant denied entering the victim's room or having any physical contact with the victim.  

     The victim's father denied that he gave the defendant permission to be in the family's residence the night of the incident.

     The defendant's presentencing report reflected that in 1989, the defendant was convicted of robbery and was sentenced to three years in the Department of Corrections.  His juvenile history included aggravated battery, reckless conduct, criminal damage to property and intimidation offenses. 

     The presentencing report also reflected that in 1988, the defendant was extradited to Arkansas on a charge of aggravated criminal sexual assault.  According to the report, the defendant initially did not recall being arrested in Arkansas.  The defendant then recalled that he had been arrested but that the charge had been reduced, and he had been sentenced to five years' juvenile probation.  He returned to Chicago but was never contacted by the Arkansas authorities.

     At the sentencing hearing, the prosecutor informed the trial court that under Arkansas law the type of juvenile charge filed against the defendant was expunged after 10 years, and he was not able to provide any further information on that charge.  Defense counsel objected to any use of the Arkansas charge against the defendant.  The prosecutor explained that he was not offering the evidence as a conviction but to demonstrate that the defendant had a problem.    

     The prosecutor requested that the trial court impose an extended-term sentence based on the fact that the "public needs to be protected from people like this, people who will jump into bed with a nine year old."  

     In mitigation, defense counsel pointed out that the defendant had only one felony conviction on his record and that since then, he had been employed and remained employed, even though he was seriously injured in 2000.  The defendant also had the support of the family members with whom he lived.  

     Speaking in his own behalf, the defendant maintained that he had permission to be in the victim's residence, and he did not know why the victim's father denied knowing that the defendant was there.  As for the Arkansas charge, the defendant acknowledged that he was arrested but maintained that he had not committed the offense with which he was charged.

     In sentencing the defendant, the trial court noted that, since his last conviction was in 1989, there was a potential for rehabilitation.  However, the trial court observed that the defendant was not showing any remorse or responsibility for his actions.  As to the Arkansas charge, the trial court stated as follows:

     "From your own mouth there was a situation that occurred in Arkansas, a sexual assault offense.  This is what you related to the investigator of this presentence report.  Somewhere along the line you lost your humanity, Mr. Johnson.  And it's up to you to find yourself and find a way to be human again."  

     The trial court then sentenced the defendant to the concurrent sentences of 20 years' and 15 years' imprisonment but did not impose the extended-term sentences requested by the prosecutor.

     Following the denial of his motion for reconsideration of sentence, the defendant filed this appeal.

ANALYSIS

I. Standard of Review

     The applicable standard of review is whether the trial court has committed an abuse of discretion in sentencing a defendant.  
People v. Williams
, 317 Ill. App. 3d 945, 955, 742 N.E.2d 774 (2000).  An abuse of discretion will be found only where the trial court's ruling is arbitrary, fanciful, unreasonable or where no reasonable person would take the view adopted by the trial court.  
People v. Hall
, 195 Ill. 2d 1, 20, 743 N.E.2d 126 (2000).

II. Discussion

     A reviewing court will not substitute its judgment for that of the sentencing court merely because the reviewing court would have weighed the sentencing factors differently.  
Williams
, 317 Ill. App. 3d at 955.  The sentencing judge is in a much better position than is the reviewing court to fashion an appropriate sentence.  
Williams
, 317 Ill. App. 3d at 955.  

     The defendant was convicted of home invasion and residential burglary.  Home invasion is a Class X felony, punishable by a sentence of not less than 6 years' and no more than 30 years' imprisonment.  See 720 ILCS 5/12-11(c) (West 2000); 730 ILCS 5/5-8-1(a)(3) (West 2000).  Residential burglary is a Class 1 felony and is punishable by a sentence of not less than 4 years' and no more than 15 years' imprisonment.  See 720 ILCS 5/19-3(b) (West 2000); 730 ILCS 5/5/8-1(a)(4) (West 2000).  

     A sentence within the statutory guidelines will not be disturbed unless it is greatly disproportionate to the nature of the offense.  
People v. Phillips
, 265 Ill. App. 3d 438, 449, 637 N.E.2d 715 (1994).  Here, the defendant's concurrent sentences of 20 years' and 15 years' were within the statutory

guidelines. 

     The State maintains that the defendant has waived his contentions of error with regard to his sentences because he failed to raise them in his motion for reconsideration of sentence.  While not conceding the waiver issue, the defendant responds that this court should review the alleged errors under the plain error doctrine.  See 134 Ill. 2d. R. 615(a).  Because a defendant has a right to be lawfully sentenced, we will review the allegations of error under the plain error doctrine.  
People v. Rivera
, 307 Ill. App. 3d 821, 834, 719 N.E.2d 154 (1999).
(footnote: 2)  However, before invoking the plain error exception, the court must determine, first, whether any error occurred.  
People v. Chapman
, 194 Ill. 2d 186, 226, 743 N.E.2d 48 (2000).

A. Improper Factors

     The defendant contends that he is entitled to a new sentencing hearing because the trial court relied on improper factors in sentencing him.  The defendant argues that the trial court erred in considering the Arkansas charge of aggravated criminal sexual assault and the age of the victim as factors in aggravation in sentencing him.

     In 
People v. Morgan
, 112 Ill. 2d 111, 492 N.E.2d 1303 (1986), our supreme court stated as follows:

     "A sentencing body '"'may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may come' [citations]."' [Citation.]  The evidence considered by the sentencing body must be both relevant and reliable [citations], the determination of which lies within the sound discretion of the trial judge [citations].  In Illinois, evidence of other criminal conduct has been admitted as relevant to the question of the defendant's character.  [Citation.]"  
Morgan
, 112 Ill. 2d at 143.

     Bare arrests and pending charges may not be utilized in aggravation of a sentence.  
People v. Wallace
, 145 Ill. App. 3d 247, 255, 495 N.E.2d 665 (1986).  This is in contrast to evidence of criminal conduct unrelated to the offense of which a defendant has been convicted which may be considered at sentencing.  
Wallace
, 145 Ill. App. 3d at 255-56.  Before relying on such evidence, the judge "'must determine its accuracy [citations], and he must take care to shield his mind from what might be the prejudicial effect of unreliable and other improper evidence. [Citations.]' [Citations.]"  
Wallace
, 145 Ill. App. 3d at 256.

     In 
Wallace
, the defendant, who was in the Navy, was convicted of aggravated criminal sexual assault.  The evidence in aggravation included testimony that the defendant's picture had been identified by an assault victim in South Carolina, where the defendant had been previously stationed, as the man who assaulted her.  In sentencing the defendant, the trial court referred to the South Carolina "charge" as well as evidence of an unrelated incident in Illinois.  

    The reviewing court observed that the trial court's remarks indicated that it had considered only the fact that the defendant was charged with rape in South Carolina and that the trial court had been unimpressed with the reliability of the evidence of the acts underlying the charge and did not consider them.  The court concluded as follows:

"The error here is, once the judge decided not to consider the evidence of the underlying facts, he was left with the mere fact of a pending charge.  Consideration of that fact was erroneous."  
Wallace
, 145 Ill. App. 3d at 256.

     In the present case, the presentencing report reflected the defendant's arrest for aggravated criminal sexual assault committed in Arkansas but not a conviction.  The defendant's vague recollection that the charge was reduced and that he was placed on probation does not supply any of the facts underlying the charge.  The prosecutor conceded that he was not presenting the evidence as a conviction.  All that remains is the evidence of an arrest for that offense.  Therefore, the trial court erred when it considered the Arkansas offense in aggravation. 

     Reliance on an improper factor in aggravation does not always necessitate remandment for resentencing.  
People v. Bourke
, 96 Ill. 2d 327, 332. 449 N.E.2d 1338 (1983).  Where the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing.  
Bourke
, 96 Ill. 2d at 332.  However, where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required.  
Bourke
, 96 Ill. 2d at 332.

     While the defendant had a substantial juvenile record, he had only one prior felony as an adult, which occurred more than 10 years before.  He was self-employed and lived with family members.  In imposing the sentences in this case, the trial court noted the defendant's potential for rehabilitation but then focused on the defendant's lack of remorse, the fact that the victim was a minor, and the Arkansas offense.

     It is well settled that a defendant's remorse or lack thereof is a proper subject for consideration at sentencing.  
People v. Mulero
, 176 Ill. 2d 444, 462, 680 N.E.2d 1329 (1997).         However, the trial court's reliance on the victim's status as a minor as a factor in aggravation was improper as a double enhancement, given that the victim's age was an element of the charge of aggravated criminal sexual abuse.  
People v. Moss
, 206 Ill. 2d 503, 533, 795 N.E.2d 208 (2003).

     In this case, the defendant's sentence for home invasion was only 10 years less than the maximum nonextended-term sentence and 14 years more than the minimum sentence, while he received the  maximum nonextended-term sentence for residential burglary.  We cannot conclude that the trial court's reliance on the improper factors did not lead to greater sentences in this case.

     Therefore, this case must be remanded for a new sentencing hearing.

B. Residential Burglary Conviction

     The defendant contends that his conviction and sentence for residential burglary must be vacated because the conviction for that offense is based on the same entry as his conviction for home invasion.

     Our supreme court has held that where the offenses of home invasion and residential burglary were carved from the same physical act of the defendant entering the dwelling place of another, the conviction and sentence for residential burglary must be vacated.  
People v. McLaurin
, 184 Ill. 2d 58, 106, 703 N.E.2d 11 (1998); see also 
People v. Martinez
, 342 Ill. App. 3d 849, 795 N.E.2d 870 (2003).

     Counts one through six of the indictment in this case charged the defendant with six counts of home invasion.  Counts seven through nine charged the defendant with residential burglary.  Count 11 charged the defendant with aggravated criminal sexual abuse.
(footnote: 3)   In four of the home invasion counts, the defendant was charged with entering the dwelling place of the victim, while in the remaining two counts, he was charged with entering the dwelling place of the victim's mother.  Likewise, two of the residential burglary counts charged the defendant with entering the dwelling place of the victim and in one count with entering the dwelling of the victim's mother.

    It is clear from the evidence at trial that the victim's and the victim's mother's dwelling place were one in the same.  It is also clear from the evidence that the defendant made but one unauthorized entry into the "dwelling house" of the victim.  

     The State argues that the defendant made two separate unauthorized entries into the victim's bedroom.  However, the State failed to charge the defendant with making separate entries into the victim's bedroom.  See 
People v. Crespo
, 203 Ill. 2d 335, 345, 788 N.E.2d 1117 (2001) (indictment must indicate that the State intended to treat the conduct of the defendant as multiple acts in order for multiple convictions to be sustained). Moreover, while in closing argument, the prosecutor emphasized that the defendant entered the victim's bedroom twice, he did not argue that these entries constituted separate home invasion offenses.  See 
Crespo
, 203 Ill. 2d at 344 (the State could have but did not argue to the jury that one of the three stab wounds could have constituted great bodily harm).

     The defendant's conviction and sentence for residential burglary must be vacated.
(footnote: 4)  The State's request that we vacate only the sentence for residential burglary and leave the conviction standing is contrary to 
the procedure set forth in 
McLaurin
.  See 
McLaurin
, 184 Ill. 2d at 106.

C. Correction of the Mittimus

     The State concedes that the mittimus must be corrected to reflect that the defendant spent 59 days in pretrial custody.  

III. Conclusion

     The defendant's conviction and sentence for residential burglary are vacated.  The defendant's conviction for home invasion is affirmed; the sentence is vacated, and the cause is remanded for a new sentencing hearing.  The mittimus is modified to reflect a credit of 59 days of pretrial custody.

     Vacated in part; modified in part; affirmed and vacated in part and remanded.

     HOFFMAN, P.J., and KARNEZIS, J., concur.

     

     

     

     

     

     

      

     

        

FOOTNOTES
1:
The trial court found that the aggravated criminal sexual abuse charge was part of the residential burglary charge.

2:
The State cites 
People v. Schaefer
, 188 Ill. App. 3d 317, 543 N.E.2d 894 (1989) for its  argument that the plain error rule does not apply to the defendant's multiple convictions argument.  However, while the  
Schaefer
 court applied the waiver rule, it also found that no plain error was involved.  
Schaefer
, 188 Ill. App. 3d at 322.

3:
The indictment in the record contains counts 1 through 9 and count 11.  Count 10 is missing.

4:
The defendant's aggravated criminal sexual abuse conviction merges with his home invasion conviction.