2020 IL App (1st) 171640-U

No. 1-17-1640

Order filed July 29, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 3922 |
| | ) | |
| DAVEAD MCINTYRE, | ) | Honorable |
| | ) | Diane G. Cannon, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Vacated and remanded for re-sentencing. Trial court improperly considered pending criminal charges for lewd exposure in aggravation.

¶ 2    Following a bench trial, defendant Davead McIntyre was convicted of being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a)(2) (West 2016)), and sentenced to 20 years' imprisonment. Defendant appeals, contending that his sentence is excessive and based on the trial court's improper consideration of an aggravating factor—his pending charges for lewd

exposure committed while in custody. For the reasons set forth herein, we vacate defendant's sentence and remand for resentencing.

¶ 3    Because defendant does not challenge the sufficiency of the evidence to sustain his conviction, we recount the facts to the extent necessary to resolve the issue raised on appeal. Defendant was arrested on February 23, 2016, after officers conducted a traffic stop of a vehicle in which defendant was a passenger. Nodisha Hawkins, another passenger in the car, testified that as the driver started to pull over, defendant threw a gun on the side of the car, in between the seats.

¶ 4    Investigator Simone, with the Cook County Sheriff's Police (first name not in the record), testified that as he approached the car on the passenger side, he shone a flashlight inside and saw a black and silver gun near the floorboard of the rear passenger seat. Simone recovered the gun and found that it was loaded with 13 rounds of ammunition. Hawkins informed the officers that the gun belonged to defendant. Both the gun and the ammunition were introduced into evidence. After hearing this evidence and that defendant had prior convictions for burglary in case number 10 CR 07671 and unlawful possession of a weapon by a felon (UUWF) in case number 12 CR 15508, the trial court convicted defendant of AHC.

¶ 5    At sentencing, the trial court heard arguments in aggravation and mitigation. In aggravation, the State offered defendant's presentence investigation (PSI) report and noted that for the burglary defendant was sentenced to boot camp, which he violated and was then sentenced three years' imprisonment. The State also noted that for the UUWF defendant received four years' imprisonment. In addition, the State pointed out that defendant's PSI reflected that while he was in custody he was charged with three misdemeanors for lewd exposure. The State

asked the court to consider those charges "over and above [his] criminal history," even though the court granted the State's request to *nolle pros* those charges.

¶ 6    In mitigation, defense counsel also offered defendant's PSI to demonstrate that he has "strong family support." This included his mother being "involved in every stage of [the] case," attending many court dates and reaching out to defense counsel between court dates. Counsel also pointed out that defendant's significant other was present throughout the trial. Counsel argued that defendant's familial support indicates "a strong potential for rehabilitation."

¶ 7    In announcing sentence, the court stated: "I will consider [the] three exposures of your penis in the lockup that are pending before the court on three separate occasions as I do believe those go to your—I believe they are relevant here." The court clarified, "I'm not saying you're guilty of them. I'm just saying the three separate charges will be considered[.]"

¶ 8    The court continued that defendant had "been given opportunity after opportunity at rehabilitation" at "every chance imaginable." The court acknowledged that it had no reason to doubt defendant's familial support but pointed out that his convictions go back to 2010, including his burglary for which he received boot camp that ended unsatisfactorily. The court also noted that, upon his release from the penitentiary, defendant was arrested with a firearm and sent back to the penitentiary. The court explicitly stated it would not consider defendant's pending arson case, as that case was before another judge. The court then sentenced defendant to 20 years' imprisonment and denied a motion to reconsider that sentence.

¶ 9    Defendant's arguments on appeal are directed exclusively at his sentence. Among them, defendant argues that the trial court erred in considering his pending lewd-exposure cases. He also argues more generally that his sentence was excessive in light of his background.

¶ 10   We afford great deference to a trial court's sentence and will not reverse it absent an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000); *People v. Butler*, 2013 IL App (1st) 120923, ¶ 30. But when a trial court considers an improper factor in aggravation, the court abuses its discretion. *People v. Minter*, 2015 IL App (1st) 120958, ¶ 147.

¶ 11   Here, defendant points to the trial court's express consideration of defendant's three pending charges for lewd exposure while in county lockup. The trial court told defendant that these three exposure charges "go to your—I believe they are relevant here." The court emphasized to defendant that the court was "not saying you're guilty" of those charges but merely that the three charges "will be considered." Defendant says that this consideration was improper.

¶ 12   It would be going too far to say that evidence of unproven criminal conduct is entirely out of bounds in a sentencing hearing. As our supreme court has explained:

> "Whether a defendant had been prosecuted and convicted for other misconduct, proof of which is offered at a sentencing hearing, is not, in our judgment, controlling as to its admissibility. More important are the questions of *relevancy and accuracy* of the information submitted. Those questions are, of course, initially determined by the trial judge in the exercise of an informed discretion. Where, as here, that information indicates defendant solicited another to commit criminal offenses, and comes in the form of sworn testimony by the party solicited, presented in open court and subject to cross-examination, its admission by the trial judge is not an abuse of discretion. The conduct testified to was relevant to a determination of a proper sentence in that it bore upon the likelihood or unlikelihood that defendant would commit other offenses; it appeared trustworthy;

defendant had the opportunity to face and cross-examine the witness; and the accuracy of the information was not challenged. While trial judges should be cautious in admitting such proof and sensitive to the possibilities of prejudice to defendant if inaccurate information is considered, we believe that a trial judge may, under circumstances such as those here, properly receive proof of criminal conduct for which no prosecution and conviction ensued." (Emphasis added.) *People v. La Pointe,* 88 Ill. 2d 482, 498–99 (1981).

¶ 13    The question, then, is whether the trial court relied on evidence at the sentencing hearing that was relevant and under circumstances that could confirm its accuracy. So when evidence of other crimes was admitted at sentencing "through the testimony of a witness with first-hand knowledge" who was "subject to cross-examination," and that evidence was relevant to the question of recidivism, our supreme court found the dictates of *LaPointe* to be satisfied, and the evidence was properly admitted. *People v. Ramirez*, 98 Ill. 2d 439, 461 (1983).

¶ 14    On the other hand, we have consistently held that the mere existence of arrests or pending charges, without additional evidence presented at the sentencing hearing to test the accuracy of the underlying facts, may not be considered in aggravation. See *Minter*, 2015 IL App (1st) 120958, ¶ 148 (improper to consider pending charges for possession and aggravated battery as aggravating factors); *People v. Johnson*, 347 Ill. App. 3d 570, 576 (2004) (improper to consider arrest for sexual assault in Arkansas); *People v. Wallace,* 145 Ill. App. 3d 247, 256 (1986) (improper to consider pending rape charge); *People v. Thomas,* 111 Ill. App. 3d 451, 454 (1983) ("[M]ere listing of prior arrests, not resulting in convictions, in a presentence report does not satisfy the accuracy requirement of *La Pointe*. We therefore hold that mere arrests, standing

alone, without further proof of the conduct alleged, are inadmissible in the sentencing determination.").

¶ 15    Here, the PSI reflected two of the pending lewd-exposure charges, and the State advised the trial court of a pending third charge. But no evidence was presented at the sentencing regarding these charges. So while we agree with the trial court that these charges may have been relevant, the accuracy of those charges was not tested in any way. We agree with defendant that it was error to consider the pending lewd-exposure charges.

¶ 16    The State agrees, too. But the State argues that, "[w]hile defendant is correct that pending charges may not be utilized in aggravation of a sentence," the error does not require a new sentencing hearing, because the record does not show that the trial court placed significant weight on that particular factor.

¶ 17    The trial court's consideration of an improper factor is not cause for remand if the record demonstrates that the weight placed on that factor was so insignificant that it did not lead to a greater sentence. *People v. Heider*, 231 Ill. 2d 1, 21 (2008). But "[w]here the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing." *People v. Bourke*, 96 Ill. 2d 327, 332 (1983); *People v. Rottau*, 2017 IL App (5th) 150046, ¶ 85 (quoting *Bourke*); see also *People v. Beals,* 162 Ill.2d 497, 509 (1994).

¶ 18    In determining whether the trial court afforded the improper factor significant weight, we consider: "(1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor; and (2) whether the sentence received was substantially less than the maximum sentence permissible by statute." *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18.

¶ 19 The record shows that that the court expressly mentioned defendant's lewd exposure charges in aggravation. The court stated that it considered the aggravating factors of defendant's pending charges, his criminal and social history, and his likelihood of rehabilitation. Neither of those factors were emphasized or dismissed in any fashion. See *Johnson*, 2017 IL App (4th) 160920, ¶ 50 (remanding for resentencing where trial court "did not make any dismissive or emphatic comments" and "simply enumerate[ed] [the factors] among other aggravating factors"). Nor was the improper factor simply a general comment made in passing at sentencing. See *People v. Rios*, 318 Ill. App. 3d 354, 368 (2000) (finding that the trial court's mention of the "tragic impact" on the victim and the victim's family did not indicate that the court considered the victim's death in aggravation).

¶ 20 While the pending charges may not have been the sole reason for defendant's given sentence, they were put on par with the other aggravating factors heard. Moreover, the court's main focus appeared to be defendant's repeated criminal acts, into which the court lumped the pending unproven charges against defendant. As such, there is no indication of how much weight each factor was given or whether the sentence would have been lesser had the lewd exposure charges not been considered.

¶ 21 In reaching this conclusion, we are not persuaded by the State's argument that, given defendant's criminal history, the court's consideration of the lewd-exposure charges played an insignificant role in increasing his sentence. The record shows that the State expressly asked the court to "consider these misdemeanor public indecency, lewd exposure, three separate misdemeanor cases that are pending before your Honor *over and above [defendant's] criminal*

*background*." (Emphasis added). The court agreed to consider the charges, stating that they were relevant.

¶ 22    Defendant's conviction, as a Class X felony, carried a penalty range of six to thirty years' imprisonment, and the trial court sentenced him to 20 years' imprisonment. 730 ILCS 5/5-4.5-25(a) (West 2016). Given that the sentence is 14 years above the statutory minimum, it is impossible to determine whether the sentence would have been shorter had the lewd exposure charges not been considered. See *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 19 (remanding for new hearing, even though sentence was substantially below maximum, as reviewing court could not discern how much weight was placed on improper aggravating factor). Because it is unclear whether or how much weight was given to defendant's pending charges, we must vacate the sentence and remand for a new sentencing hearing. See *Walker*, 392 Ill. App. 3d at 301-03.

¶ 23    Defendant also claims that, in general, his sentence was excessive. The 20-year sentence, he says, did not match his non-violent background. And, he says, the trial court treated him more like a career criminal, and less like someone in his early twenties with teenage prior felonies, when it told him: "[Y]ou have been given opportunity after opportunity at rehabilitation. You were given every chance imaginable."

¶ 24    Since we are vacating the sentence and remanding based on the error above, we have no grounds to consider a proportionality argument. But in the interests of judicial economy, recognizing that a re-sentence is coming that could be subject to a second appeal, we will say this much: We agree with defendant that 20 years in prison was an exceptionally lengthy sentence for someone never convicted of a violent crime, and who had only two prior felonies in his background—the bare minimum to even qualify as an armed habitual criminal. Other than his

burglary committed as a juvenile, defendant's only convictions are for the possession of a firearm, made illegal because of that first felony. By no means do we condone the illegal possession of a firearm, but twenty years strikes us as an extreme sentence on this record. We would respectfully ask the trial court to take these observations into account on re-sentencing.

¶ 25    We vacate defendant's sentence and remand for re-sentencing.

¶ 26    Vacated and remanded.